H. H. SAWYER, v. DAVID MOULD, District Judge.

**Intoxicating liquors:** VIOLATION OF INJUNCTION: KNOWLEDGE OF OWNER OF PREMISES. Knowledge of the sale of intoxicating liquor by the owner of premises, either express or implied, must be shown to establish the violation of an injunction restraining a sale upon the premises.

PROCEEDING in certiorari.—*Dismissed.*

WEDNESDAY, OCTOBER 20, 1909.

*John F. Joseph,* for plaintiff.

*Henderson & Fribourg,* for defendant.

LADD, J.—Mary Kappes was owner of a two-story brick building, and, because of the sale of intoxicating liquors in the second story by Belle Hall, both were permanently enjoined on February 1, 1908, from selling or

keeping such liquors for sale or permitting this to be done. Immediately after the entry of 'the above decree, Belle Hall vacated the upper floor. Mary Kappes had leased the entire building to J. Jacobson for the purpose of conducting a clothing store with permission to sublet, and Jacobson had entered into possession June 1, 1907. Some time in February, 1908, Jacobson assigned the lease to Sam Sekt, and on the 20th of that month the latter sublet the second story to John S. Bacon for a period of one year, conditioned that the premises should be used for lawful purposes only. On October 2, 1908, two men bought intoxicating liquors on the upper floor of the premises, but without the knowledge of Mary Kappes, who was not aware of the leasing of the premises to Bacon, had not been near the same or in that neighborhood, and was without information that the premises were being so employed. In other words, the owner was without knowledge that sales were being made; and the question presented is whether she was in possession of facts from which knowledge should be implied.

She was enjoined from permitting or allowing such sales, and we concur in the conclusion of the trial court that she had done neither. True, the writ of injunction was issued February 1, 1908, but her codefendant because of whose acts the writ had issued vacated the premises, and the lease was assigned by the tenant to Sekt during the same month, and he sublet to Bacon March 1 of the same year. Had her co-defendant continued in occupancy or Jacobson who had leased the upper story to her, these circumstance would be important. See *State v. Grim,* 85 Iowa, 415. But she was not bound to assume that Sekt would violate the law or would tolerate this in subtenants. Nothing in the circumstances disclosed in the record was calculated to arouse her suspicions. To permit is to authorize or give leave. To allow is to acquiesce in or tolerate. Knowledge express

or implied is essential before one may be guilty of either. *Mangam v. Brooklyn,* 98 N. Y. 585 (50 Am. Rep., 705); *Stuart v. State* (Tex. Cr. App.) 60 S. W. 554; 22 Am. & Eng. Ency. of Law (2d Ed.) 699.    See *State v. Probasco,* 62 Iowa, 402.—*Dismissed.*