(No. 16661.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. RUSSELL GARWOOD *et al.* Plaintiffs in Error.

*Opinion filed June 18, 1925.*

1. CRIMINAL LAW—*when evidence establishes carrying of concealed weapons.* Evidence that the defendants, when arrested, carried revolvers in holsters suspended from a belt underneath their coats is sufficient to establish the charge of carrying concealed weapons.

2. SAME—*constitutional question is waived by taking case to Appellate Court.* The constitutional question that the arrest and search of the defendants were made without a warrant is waived by taking the case to the Appellate Court.

3. SAME—*ruling on instructions cannot be questioned in the Supreme Court when not questioned in the Appellate Court.* If no question as to the giving of instructions was raised in the Appellate Court the question cannot be raised in the Supreme Court, as the Supreme Court is authorized to consider only such points as were raised in the Appellate Court and decided by it.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the County Court of Edgar county; the Hon. PAUL B. LAUHER, Judge, presiding.

A. B. DENNIS, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, WALTER S. LAMON, State's Attorney, and JAMES B. SEARCY, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

September 24, 1923, plaintiffs in error, Russell Garwood and Ed Killion, were arrested in the city of Paris by the sheriff of Edgar county for carrying concealed upon their persons revolvers without having a license so to do. They were tried and convicted and each was sentenced to pay a fine of $100 and to serve five days in the county jail. This

judgment of conviction was affirmed by the Appellate Court, and the cause is brought here by writ of error for further review.

It is first contended that the evidence does not show that the revolvers were concealed. Garwood testified that he was carrying two revolvers when he was arrested but that both of them were in holsters suspended from a belt and that they were in front of his body in full view of any person who looked for them. Killion testified that he carried one revolver on the evening of his arrest and that this revolver was in a holster a little to the left of the middle line of the front of his body; that the handle and a portion of the cylinder of the revolver were exposed above the holster; that he was wearing a coat, but that it was not buttoned so that it concealed the revolver. The sheriff and his two deputies testified that the revolvers carried by plaintiffs in error were under their coats and that they were concealed when plaintiffs in error were placed under arrest; that they did not see the revolvers until they opened the coats of plaintiffs in error and pulled them out of the holsters. The evidence clearly established that the revolvers were concealed upon the persons of plaintiffs in error.

Plaintiffs in error contend further that their constitutional rights were violated by the denial of the motion, made by them before the trial, to have the revolvers returned to them for the reason that the arrest and search were made without a warrant. By taking the case to the Appellate Court the plaintiffs in error have waived this constitutional question and it is not open to review here.

Plaintiffs in error contend that the court erred in giving on behalf of the People instructions 4, 5 and 9. The Appellate Court in its opinion states that the brief filed there contains no point challenging the ruling of the court in the giving of instructions. This writ of error is prosecuted to review the judgment of the Appellate Court, and we are authorized to consider only such points as were raised in

the Appellate Court and decided by it. The correctness of the instructions complained of is therefore not before us for review.

Plaintiffs in error do not contend that they have a license authorizing them to carry a revolver in this State. They are clearly guilty of the offense charged, and they should consider themselves fortunate that the penalty imposed was not much heavier.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*