People of State of Illinois, Appellee, v. James Howard Klabough and Werner Transportation Company, Appellants.

Gen. No. 10,448.

Opinion filed February 27, 1951. Released for publication March 16, 1951.

AXELROD, GOODMAN & STEINER, of Chicago, for appellant; CARL L. STEINER, of Chicago, and HARRY R. BOOTH, of counsel.

HARRY A. HALL, State's Attorney, Lake County, of Waukegan, for appellee; BRUNO W. STANCZAK, of North Chicago, and EUGENE T. DALY, of Chicago, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The Werner Transportation Company, is a corporation engaged in the trucking business in the City of Minneapolis, Minnesota. It operates freight trucks between Minneapolis and Chicago. One of their drivers was James Howard Klabough. He was arrested while driving on one of the paved highways in Lake county, Illinois, for having an overload on his truck. Riding with him in the truck at that time was Mr. P. M. Greenberg the vice-president of the trucking company.

A complaint was filed charging that on December 15, 1949, the Werner Transportation Company, violated par. 228, ch. 95½ of the Revised Statute of the State of Illinois [Jones Ill. Stats. Ann. 85.260], by unlawfully permitting the operation of a motor vehicle with semitrailer attached, and that the center axle of the same was overloaded, etc. A warrant was issued for James Howard Klabough charging him with the violation of the same section of the statute. Another warrant was issued charging the Werner Transportation Company and Klabough with the same offense, charging that the second one occurred on December 21, 1949. Trials were had before a justice of the peace in Lake county and appellants found guilty. An appeal was taken to the circuit court. There the two charges against the defendants were consolidated. The case was tried upon a stipulation of facts before the court without a jury. Both were found guilty and the defendant, Klabough, was fined $5 in each case and the Transportation Company $100 in each case. It is from these judgments that an appeal has been perfected to this court.

The statute regulates the amount of weight that can be carried on the various axles of the trucks being driven on the paved highways of the State of Illinois. In each case it is conceded that the center axle of the trucks was overloaded. One to the amount of eleven

hundred pounds and the other to the amount of eight hundred pounds.

It is stipulated that the various people who could be called by the defendants as witnesses would testify that at the time each of these trucks was loaded at Minneapolis, before they started on their journey to Illinois, was properly loaded, but that it is impossible to load a truck so the load will not shift in driving any considerable distance. The appellants now claim that this being true, the court erred in finding them guilty, as they did not intend to have an overload, or knowingly drive a truck when it was overloaded, as these two were.

The statute in question is as follows: "Section 124. (a) It is unlawful for any person to drive or move or for the owner to cause or knowingly permit to be driven or moved on any highway any vehicle or vehicles of a size and weight exceeding the limitations stated in this article or otherwise in violation of this article, and the maximum size and weight of vehicles herein specified shall be lawful throughout this State, and local authorities shall have no power or authority to alter said limitations except as express authority may be granted in this article." "The owner of any vehicle who knowingly operates or permits the operation of such vehicle in violation of the provisions of Section 131 or Section 132, or the driver of any vehicle who operates such vehicle in violation of Section 131 or Section 132 of this Act, shall on conviction thereof for the first offense be fined" etc.

It is the contention of the appellants that before they can be convicted, the State must prove that they knowingly operated a truck while being overloaded. It will be observed that the statute says: "The owner of any vehicle who knowingly operates or permits the operation" etc. It further continues, "or the

driver of any vehicle who operates such vehicle in violation of the Statute'' etc., shall be punished. Certainly the trucking company knowingly permitted these trucks to be driven on the Illinois highways with the knowledge that the load would shift, so that it would be in violation of the statute. The driver also knew that this load would shift, so that some of the axles on his outfit would be overloaded. We think that the statute is broad enough to cover such a violation as shown by the stipulation in this case.

The appellants have argued in their brief that this statute in question is unconstitutional, as it violates due process of the provisions of equal protection of the Constitution of the State of Illinois, and the Constitution of the United States. The appellants by bringing the case to this court have waived the question whether this law is unconstitutional or not. *People v. Andalman*, 346 Ill. 149 and *People v. Garwood*, 317 Ill. 578.

We find no error in this case, and the judgments appealed from should be and are affirmed.

*Affirmed.*