[Civ. No. 8913.   Third Dist.   Dec. 21, 1956.]

THEODORE RUPLEY, Appellant, v. JACK R. WINKLER, Respondent.

H. D. Jerrett for Appellant.

Jack R. Winkler, District Attorney (El Dorado), in pro. per., for Respondent.

PEEK, J.—This is an appeal from an order of the trial court denying plaintiff's application for an injunction, dissolving a temporary restraining order and sustaining defendant's general demurrer without leave to amend.

The complaint, although not set forth in counts, makes two separate charges: (1) That defendant is not legally the district attorney of El Dorado County and hence cannot prosecute the misdemeanor actions which (2) plaintiff contends are based on unconstitutional statutes.

The facts which are not in dispute show that on December 27, 1954, the defendant Winkler was appointed by the Board of Supervisors of El Dorado County to the office of district attorney for the unexpired term of Robert E. Roberts "ending the 3rd day of January, 1955." Roberts had previously been appointed judge of the superior court for said county. Winkler qualified that same day and on January 3 Roberts appeared before the board of supervisors and filed a formal written resignation as district attorney for the term beginning January 3, 1955. On that same day the board appointed Winkler district attorney for the unexpired term ending on the first Monday after January 1, 1959. Winkler took his oath of office on January 4 and since that date has exercised the powers and duties of district attorney of that county.

On March 3, 1955, plaintiff herein filed a petition for a writ of prohibition in the Superior Court of El Dorado County by which he sought to prohibit the trial of certain misdemeanor actions which form the basis of the case now before this court. On May 6 the superior court filed its order denying said petition, and on May 13 plaintiff filed his complaint in the present case seeking an injunction on the grounds previously noted. On June 7 the court filed its order denying the same, and the present appeal followed. Thereafter, on June 30, 1955, Winkler prosecuted the criminal cases. Following a jury verdict of guilty, the fines assessed in each case were paid and an appeal was taken to the superior court of El Dorado County, which matter is presently pending in that court.

We find no merit in plaintiff's first contention. As the trial court noted, even assuming the January 3, 1955,

appointment of Winkler as district attorney was invalid, and if we further assume that this is a proper proceeding to test defendant's title to public office, such facts could be of no aid to plaintiff. The appointment of Winkler on December 27, 1954, to fill the vacancy for the unexpired term is not attacked by plaintiff, nor could it be. Under the provisions of section 1302 of the Government Code, Winkler was under legislative mandate to ". . . continue to discharge the duties of his office until his successor [had] qualified." It follows that any official acts taken by him were pursuant to and by virtue of such legislative provision.

■ Plaintiff's second contention is equally without merit. Assuming that one may enjoin a criminal proceeding based on the enforcement of an unconstitutional statute, and that plaintiff's complaint sets forth sufficient material allegations to come within this rule, said rule can be of no aid to plaintiff since there can be no question but that the statutes here in issue, sections 690 and 731 of the Vehicle Code, are constitutional.

Plaintiff's argument concerning said sections appears to be that they violate the equal protection clauses of the state and federal Constitutions because of unreasonable classification discriminating against owners of vehicles, and that criminal penalties are imposed against owners of vehicles for acts done without criminal intent. Specifically section 731 provides in subsection (a) that,

"It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require the operation of such vehicle upon a highway in any manner contrary to law."

The second section in question, 690, provides in part:

"It is a misdemeanor for any person to drive or move, or for the owner to cause or knowingly permit to be driven or moved, on any highway any vehicle or vehicles of a size, or weight, or with a load, exceeding or otherwise failing to comply with the limitations or requirements stated in this division."

In section 731 the act made criminal is the "requiring" by the owner of the illegal operation of his vehicle on the highway. The object to be accomplished is to prevent the owners from requiring such illegal operation of vehicles. That such object is legitimate is not questioned by plaintiff and would appear to be a valid object on which to exercise the police powers of the state. It is obvious that drivers are not in the class bearing a substantial relation to the object to be

accomplished, namely the requiring of the illegal operation of vehicles on the highways. Owners and other persons "employing or otherwise directing the driver" are the only persons falling in the class having a substantial relation to the legitimate object to be accomplished. Plaintiff has cited no authority wherein the validity of the sections in question has been considered, nor are the authorities in point which are cited by him in this regard. By analogy, however, it would appear that the offense of solicitation to commit a felony (Pen. Code, § 653f) would be directly in point. That section makes it a separate crime for one person to solicit another to commit a crime in the same way that section 731 makes it a crime for the owner to require the driver to commit a particular offense.

Plaintiff's further argument directed at this section, that it imposes criminal liability on the owner of a vehicle for an act not requiring criminal intent, is equally without merit. The offense is not the requiring of the operation of the vehicle on the highway alone, but the requiring of the operation of the vehicle on the highway "in any manner contrary to law." Thus if the owner requires the driver to operate his vehicle on the highway in a manner contrary to law, he obviously knows that the vehicle will be operated illegally if his directions are carried out. It is the intentional doing of the prohibited act, regardless of good motive or ignorance of its criminal character, which supplies the criminal intent necessary to commit the offense. (*People* v. *McCalla*, 63 Cal.App. 783 [220 P. 436]; *People* v. *Standley*, 126 Cal.App. 739 [15 P.2d 180].)

What we have held in regard to section 731 is likewise controlling of plaintiff's arguments concerning section 690 of the code. This section, as noted, makes no classification as between owners and drivers, but by its terms, applies equally to both. Thus there can be no question of classification nor can it be arbitrary or discriminatory.

The order sustaining defendant's demurrer without leave to amend is not an appealable order (*Cole* v. *Rush*, 40 Cal.2d 178 [252 P.2d 1]), and hence plaintiff's purported appeal from the same is dismissed.

The order denying plaintiff's application for an injunction and dissolving a temporary restraining order is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 13, 1957.