PEOPLE *v.* BROWN BROTHERS EQUIPMENT
COMPANY, INC.

1. AUTOMOBILES — OVERLOADED VEHICLE — OWNERSHIP — PROOF OF SCIENTER.

The people are required in a prosecution of an owner of an over-loaded vehicle used upon the public highways in violation of statute to allege and prove that said owner *caused* or *knowingly permitted the vehicle to be so used* (CLS 1961, § 257.716 *et seq.*).

2. SAME—CONSTRUCTION OF STATUTES—SCIENTER—WEIGHT.

Contention that section of vehicle code restricting weight of load is complete in itself and that the proof of causation or of knowledge is not a required element to have a conviction for an offense thereunder *held*, not well taken, where by its terms such section *is* related to section establishing lawful spacing between axles, axle load, and wheels, and the two sections read standing alone do not indicate the necessary elements of a crime, and to make such sections meaningful, it is necessary to read another portion of the act, providing that if the owner causes or knowingly permits an overloaded vehicle to move upon the highways of this State, he shall be guilty of a misdemeanor (CLS 1961, §§ 257.716, 257.722, 257.724).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 25 Am Jur, Highways § 269.
  7 Am Jur 2d, Automobiles and Highway Traffic § 324.
[3] 7 Am Jur 2d, Automobiles and Highway Traffic § 160.
[4] 50 Am Jur, Statutes § 407.

3. SAME—LOAD RESTRICTION STATUTE—HIGHWAYS AND STREETS.
    The object of the load restriction statutes was to reduce the
    serious damage caused to highways by heavily loaded trucks
    and trailers (CLS 1961, § 257.716 *et seq.*).

4. STATUTES—PENAL—STRICT CONSTRUCTION.
    Statutes which are penal in nature should be construed strictly
    in favor of the defendant.

Appeal from Ingham; Hughes (Sam Street), J. Submitted Division 2 April 6, 1966, at Lansing. (Docket No. 1,125.) Decided June 28, 1966. Leave to appeal granted by Supreme Court September 24, 1966. See 378 Mich 732, 379 Mich 363.

Brown Brothers Equipment Company, Inc., was convicted in justice court of operating a vehicle which was overweight on a public highway. On appeal to circuit court, motion to quash complaint and warrant granted. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney for the people.

*Anderson, Carr & Street (Victor C. Anderson,* of counsel), for defendant.

LESINSKI, C. J. On September 25, 1964, a complaint was sworn alleging that defendant owned a vehicle which was operated in an overweight condition on a public highway "in violation of section 722, 724(c), Act No 300, PA 1949" as amended. (CLS 1961, § 257.722[1] [Stat Ann 1960 Rev § 9.2422] and CLS 1961, § 257.724, as amended by PA 1964, No 222 [Stat Ann 1965 Cum Supp § 9.2424]). The warrant was phrased in similar terms. On No-

---

[1] This act was amended by PA 1965, No 36, but this would not affect our determination in this case.

vember 7, 1964, defendant was found guilty as charged before a justice of the peace in the county of Ingham.

On November 17, 1964, defendant appealed to the circuit court of the same county. Preliminary to trial, the circuit judge sustained a motion to quash the complaint and warrant in that neither instrument alleged that the defendant caused or knowingly permitted the overloaded condition of the motor vehicle.

The issue before this Court is whether the people are required in a prosecution of an owner of an overloaded vehicle used upon the public highways in violation of CLS 1961, § 257.716 *et seq.* (Stat Ann 1960 Rev § 9.2416 *et seq.*) to allege and prove that said owner caused or knowingly permitted the vehicle to be so used.

Three sections of the act, CLS 1961, § 257.716 *et seq., supra,* need be considered to determine this appeal. They are quoted herein as far as pertinent as follows:

"Sec. 716. (a) It is a misdemeanor for any person to drive or move or for the owner to cause or knowingly permit to be driven or moved on any highway any vehicle or vehicles of a size or weight exceeding the limitations stated in this chapter or otherwise in violation of this chapter. * * *

"Sec. 722. (a) In no case shall the maximum axle load exceed the number of pounds designated in the following provisions which prescribe the distance between the axles: * * *

"Sec. 724. * * * (c) Any owner of any vehicle as defined in this act, or any lessee, who violates the provisions of section 722 is guilty of a misdemeanor and upon conviction thereof shall be assessed a fine in an amount equal to [2 to 10 cents per pound of excess]."

The people argue that section 724, subd (c) is complete in itself and the proof of causation or of knowledge is not a required element to have a conviction for an offense thereunder. This Court does not accept this view.

By its terms, section 724, subd (c) is related to section 722 of the act which establishes the lawful spacing between axles, axle load and wheel load. Section 724, subd (c) further establishes the fine to be levied for violation of section 722. These two sections read standing alone do not indicate the necessary elements of a crime, principally because the sections do not speak of an act, but rather of a condition. Thus, to make these sections meaningful, it is necessary to read other portions of the act. A complete reading of the sections of CLS 1961, § 257.716 *et seq., supra,* indicates its concern with the weight, size and load moved upon the highways of this State.

Specifically the responsibility of an owner for an overloaded vehicle is found in section 716, subd (a) wherein it provides that if the owner causes or knowingly permits an overloaded vehicle to move upon the highways of this State, he shall be guilty of a misdemeanor.

In the face of the provisions of section 716, subd (a), we cannot reason that by failure of the legislature to include in section 724, subd (c) the phrase "to cause or knowingly permit to be driven or moved" the legislature intended scienter to be excluded as an element necessary to constitute a violation of the act.

The clear basis for the load restriction statutes was to reduce the serious damage caused to our highways by heavily loaded trucks and trailers. To facilitate a reduction in such wear to our roads "it may not be said that the legislature has prescribed excessive fines by way of punishment, es-

pecially in view of the obvious fact that an owner
or operator of such equipment may by exercise of
*proper care* avoid any violation of the statute."
(Emphasis supplied.) *People* v. *Wolfe* (1953), 338
Mich 525, 541.

Thus the Supreme Court in the *Wolfe Case* im-
plied that an owner by his watchfulness will avoid
violating the law. This alone reflects a reading
of scienter, by the Supreme Court, into the sections
of the vehicle code relating to overloaded trucks
and trailers.

In passing we note that the trial court relied
on *People* v. *Ward* (1961), 364 Mich 671, a case
almost on all fours with the one at bar. In *Ward*
the trial judge granted a defense motion to quash the
information and discharge the defendant lessee on
the ground that the people had failed to show his
participation in his employee's violation of the Mich-
igan vehicle code. On appeal, the Supreme Court
split evenly,[2] thus affirming the trial court. The
three justices holding for affirmance read into sec-
tion 724, subd (c) a *mens rea* requirement, while
the three justices for reversal felt that "proof of
scienter is not a requirement for proof of violation
of this subsection." *Crowe* v. *County of Wayne,* 365
Mich 656, at 673.

In light of our prior discussion of the relationship
of section 716, subd (a) to 724, subd (c), we feel
the reasoning of the justices holding for affirmance
to be more persuasive upon us even though the
*Ward Case* itself is not precedent because it was
decided by an evenly divided Court and there is no
question of the validity of the statute involved. See
*People* v. *McMurchy* (1930), 249 Mich 147, 185.

Last, this Court is moved by the time-honored
principle that statutes which are penal in nature

---

[2] Only six justices sat on this case.

should be construed strictly in favor of the defendant. See *People* v. *Adamowski* (1954), 340 Mich 422, 429.

Affirmed.

T. G. KAVANAGH and QUINN, JJ., concurred.