PEOPLE *v.* BROWN BROTHERS EQUIPMENT
COMPANY, INC.

OPINION OF THE COURT.

1. AUTOMOBILES—OVERLOADED EQUIPMENT—OWNER—KNOWLEDGE.

Motor vehicle code requires knowledge or scienter on the part of
the owner or lessee of an overloaded vehicle to support the
prosecution of such person under the statute for allowing it
to be operated in an overloaded condition on a public highway
(CLS 1961, §§ 257.722, 257.724, as amended by PA 1964,
No 222).

2. COSTS—AUTOMOBILES—OVERLOADED EQUIPMENT—KNOWLEDGE OF
OWNER.

No costs are allowed on appeal by the people from a decision of
the Court of Appeals affirming circuit court construing a
statute punishing owner of vehicle which is operated in an
overloaded condition on a public highway to require knowledge
on the part of the owner that the vehicle was overloaded (CLS
1961, §§ 257.722, 257.724, as amended by PA 1964, No 222).

DISSENTING OPINION.

BLACK, SOURIS, and O'HARA, JJ.

3. AUTOMOBILES—OVERLOADED EQUIPMENT—OWNERS.

*The legislature intended to make owners and lessees of overloaded
trucks violators of the statute prohibiting the operation of an
overloaded truck upon a public highway upon mere showing
of the fact of ownership or lease, plus, of course, the fact
that the owned or leased truck has been apprehended on a
public highway with a load in excess of statutory limits (CLS
1961, §§ 257.722, 257.724, as amended by PA 1964, No 222).*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 160 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 1009; 7 Am Jur 2d, Automobiles and Highway Traffic § 160 *et seq.*
[3] 7 Am Jur 2d, Automobiles and Highway Traffic § 160 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 1009.

4. Costs—Automobiles—Overloaded Equipment—Knowledge of Owner.

> No costs are allowed upon reversal by the people from a decision of the Court of Appeals affirming circuit court construing a statute punishing owner of vehicle which is operated in an overloaded condition on a public highway to require knowledge on the part of the owner that the vehicle was overloaded (CLS 1961, §§ 257.722, 257.724, as amended by PA 1964, No 222).

Appeal from Court of Appeals, Division 2; Lesinski, C. J., and T. G. Kavanagh and Quinn, JJ., affirming Ingham, Hughes (Sam Street), J. Submitted May 3, 1967. (Calendar No. 8, Docket No. 51,546.) Decided July 21, 1967.

3 Mich App 618, affirmed.

Brown Brothers Equipment Company, Inc., was convicted in justice court of operating a vehicle which was overweight on a public highway. On appeal to circuit court, motion to quash complaint and warrant granted. Affirmed by court of appeals. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*Anderson, Carr & Street,* for defendant.

Kelly, J. Appellant presents one question:

"Does the motor vehicle code require knowledge or scienter on the part of the owner or lessee of an overloaded vehicle to support the prosecution of such person under CLS 1961, § 257.724(c) as amended by PA 1964, No 222 (Stat Ann 1965 Cum Supp § 9.2424)?"

The Court of Appeals answered this question in the affirmative and appellant claims the Court erred because it concluded "that it is necessary to read section 716 together with sections 722 and 724 in order to arrive at the proper construction of the statute relative to the need for knowledge of the violation of the weight provisions set forth in section 722."

These three sections of the motor vehicle code to which appellant refers are set forth in the Court of Appeals' decision, reported in 3 Mich App 618.

In *People* v. *Ward* (1961), 364 Mich 671, a warrant was issued accusing defendant of guilt under the presently considered section 724 of the Michigan motor vehicle code. This Court granted leave to appeal from the trial court's order granting defendant's motion to quash.

The syllabus in *People* v. *Ward, supra,* reads:

"AUTOMOBILES—OVERLOADED EQUIPMENT—EQUALLY DIVIDED COURT.

"Order quashing complaint against lessee of overloaded truck that was operated upon the public highway in violation of statute is affirmed by an equally divided court (CLS 1956, § 257.724)."

The question appellant asks this Court to answer in the present appeal is similar to the question that failed to obtain a majority answer by those members of the Court who participated in the *People* v. *Ward* decision six years ago.

The reasons for the division in *People* v. *Ward* are ably set forth in two opinions by two present members of this Court.

We conclude that the motor vehicle code does "require knowledge or scienter on the part of the owner or lessee of an overloaded vehicle to support the prosecution of such person under CLS 1961, § 257.724(c) as amended by PA 1964, No 222," and,

therefore, the judgment of the Ingham circuit court and of the Court of Appeals is affirmed. No costs.

DETHMERS, C.J., and T. M. KAVANAGH, ADAMS, and BRENNAN, JJ., concurred with KELLY, J.

SOURIS, J. (*dissenting*). The pertinent facts of this case parallel those of *People* v. *Ward* (1961), 364 Mich 671. Our decision in that case would be dispositive of this but for the fact that decision in *Ward* was by equal division of a bobtailed* Court. In view of that fact and of the recent changes in our personnel, leave was granted in this case of Brown Brothers to resolve authoritatively the legal dispute which divided this Court in *Ward*.

Mr. Justice KELLY, having reviewed the opinion submitted by Mr. Chief Justice DETHMERS in *Ward*, now subscribes (having abstained from participation in the *Ward* decision) to the Chief Justice's view. That view was that legislative omission of a scienter requirement from the pertinent sections of the statute here involved is not a sufficient manifestation of the legislature's intent to hold criminally liable the owner or lessee of an overloaded motor vehicle operated on the public highways of this State absent his knowledge thereof.

My view remains as I expressed it in my opinion in *People* v. *Ward, supra,* pp 671–675. It may be summarized by quotation therefrom (p 673):

"The most superficial examination of the language of this subsection suggests that the legislature doubtless intended to make owners and lessees of overloaded trucks violators thereof upon mere showing of the fact of ownership or lease, plus, of course, the fact that the owned or leased truck has been apprehended on a public highway with a load in excess

* Only six of the eight Justices of the Court participated in the decision of *People* v. *Ward.*

of statutory limits.    The offense charged is a mis-
demeanor.    It is punishable only by a fine, calculated
by multiplying the weighed overload by so many
cents per pound graduated upward to the extent of
such weighed overload.    Proof of scienter is not
made a requirement for proof of violation of this
subsection.    Our conclusion is substantiated by com-
parison of the language of subsection (c) with the
language of subsections (d) and (f) of section 724."

The references to subsections (d) and (f) of sec-
tion 724 were to illustrate the fact that when the
legislature desired to require proof of scienter, it
said so.    Significantly, when scienter is made an
element of an offense under section 724, and, as well,
under section 716, a jail sentence as well as a fine
is prescribed; in subsection (c) of section 724, how-
ever, where violation thereof does not depend upon
proof of scienter, only a fine penalty is provided.

I would reverse and remand for further proceed-
ings, but without costs.


BLACK and O'HARA, JJ., concurred with SOURIS,
J.