PEOPLE v. BARKMAN

1. AUTOMOBILES—OVERLOADED VEHICLES—SCIENTER—STATUTES.

Scienter is an essential element of the offense of causing or allowing a vehicle to be loaded and driven or moved on a public highway in violation of statutory weight limitations (MCLA § 257.716 et seq.).

2. AUTOMOBILES—OVERLOADED VEHICLES—SCIENTER—STATUTES.

A regulation may speak of an act rather than of a condition and still require scienter as an element; hence, amended penal provision dealing with assessment of fines upon conviction for permitting an overloaded vehicle to be loaded and driven or moved on a public highway did not eliminate scienter as an element of that offense even though the amended provision speaks of an act rather than of a condition and of penalties rather than of elements (MCLA § 257.724[c]).

REFERENCE FOR POINTS IN HEADNOTES

[1, 2]  8 Am Jur 2d, Automobiles and Highway Traffic §§ 167, 324.

Appeal from Monroe, William J. Wiepert, Jr., J. Submitted Division 2 February 4, 1970, at Lansing. (Docket No. 7,719.)   Decided March 26, 1970.   Rehearing denied May 4, 1970.   Rehearing denied May 4, 1970.   Leave to appeal denied November 24, 1970. 384 Mich —.

James P. Barkman was convicted of allowing his overweight truck to be driven on a public highway. Defendant appeals.   Reversed and remanded for order of dismissal.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul E. Braunlich,* Prosecuting Attorney, and *John J. Sullivan,* Chief Assistant Prosecuting Attorney, for the people.

*Anderson, Carr & Street,* for defendant.

Before: LESINSKI, C. J., and McGREGOR and V. J. BRENNAN, JJ.

V. J. BRENNAN, J.   The question here is whether the 1967 amendment[1] of section 724(c) of the motor vehicle code eliminates scienter as an element of the misdemeanor defined by sections 716(a) and 722 of the code.[2]   We conclude that it does not.

On March 19, 1968, a weighmaster in Monroe County weighed a truck owned by defendant Barkman, found that its weight exceeded the limitations prescribed in section 722 of the motor vehicle code, and issued a notice of violation.   At the trial in the circuit court, the prosecutor established that the defendant owned the truck and that it had indeed been driven on a public highway while "grossly" overloaded, and then rested his case, making no

---

[1] PA 1967, No 277, § 1 (MCLA 1969 Cum Supp § 257.724[c]).
[2] MCLA § 257.716 *et seq.* (Stat Ann 1960 Rev § 9.2416 *et seq.*).

showing that the defendant *knowingly* permitted the truck to be driven while overloaded. The defendant moved for dismissal, contending, *inter alia,* that he could not be found guilty of the misdemeanor defined by section 716 without a showing of scienter on his part. In opposition to this motion, the prosecutor offered for the court's consideration an opinion of the Attorney General, one requested by the prosecutor before trial, wherein the Attorney General expressed his view that scienter is no longer an element of the misdemeanor. The circuit court accepted this view, denied the motion, and levied the fine prescribed by section 724(c) when the defendant offered no proofs in his defense. The defendant appeals.

Section 716(a) provides in relevant part:

"It is a misdemeanor for any person to drive or move or for the owner to cause or knowingly permit to be driven or moved on any highway any vehicle or vehicles of a size or weight exceeding the limitations stated in this chapter or otherwise in violation of this chapter * * * ."

Section 722 prescribes the weight limitations while section 724(c) prescribes the fines for violation of these limitations. Before amendment, section 724(c) read in part:

"Any owner of any vehicle as defined in this act, or any lessee, who violates the provisions of section 722 is guilty of a misdemeanor and upon conviction thereof shall be assessed a fine in an amount equal to * * * ."

In *People* v. *Brown Bros. Equipment Company, Inc.* (1966), 3 Mich App 618, this Court considered 724(c) in its unamended form and concluded that a showing of scienter is required before a fine may

be levied, even though 724(c) makes no mention of scienter. We said there, at 621:

"By its terms, section 724, subd (c) is related to section 722 of the act which establishes the lawful spacing between axles, axle load and wheel load. Section 724, subd (c) further establishes the fine to be levied for violation of section 722. These two sections read standing alone do not indicate the necessary elements of a crime, principally because the sections do not speak of an act, but rather of a condition. Thus, to make these sections meaningful, it is necessary to read other portions of the act. A complete reading of the sections of CLS 1961, § 257.716 *et seq., supra,* indicates its concern with the weight, size and load moved upon the highways of this State.

"Specifically the responsibility of an owner for an overloaded vehicle is found in section 716, subd (a) wherein it provides that if the owner causes or knowingly permits an overloaded vehicle to move upon the highways of this State, he shall be guilty of a misdemeanor.

"In the face of the provisions of section 716, subd (a), we cannot reason that by failure of the legislature to include in section 724, subd (c) the phrase 'to cause or knowingly permit to be driven or moved' the legislature intended scienter to be excluded as an element necessary to constitute a violation of the act."

This construction of the code was later approved by the Supreme Court.[3]

In 1967, section 724(c) was amended to read (again in part):

"Any owner of any vehicle as defined in this act, or any lessee of the vehicle of an owner-operator, *who causes or allows* a vehicle to be loaded and

---

[3] *People* v. *Brown Brothers Equipment Company, Inc.* (1967), 379 Mich 363.

driven or moved on any highway, when the weight of that vehicle violates the provisions of section 722 is guilty of a misdemeanor and upon conviction thereof shall be assessed a fine in an amount equal to * * * ." (Emphasis added.)

It is the italicized portion of this amendment that the Attorney General and the prosecutor rely on in saying that the amendment eliminates *scienter* as an element. In the opinion submitted to the circuit court, the Attorney General said:

"Section 724(c) now speaks of an act; that of causing or allowing an overloaded vehicle to be driven or moved on any highway. Also, by the express terms of the section ignorance of the occurrence of the acts that caused the offense—overloading the vehicle—cannot constitute a defense. In order to complete the offense an owner or lessee need only allow an overloaded vehicle to be driven or moved on a highway.

"This conclusion is reenforced when Section 724 (c) is compared to Section 724(d) and Section 724 (f). Subsections (d) and (f) both condemn as a misdemeanor a *knowing* failure to stop a vehicle at a weighing station or at the command of an authorized official for the purpose of weighing the vehicle."

We cannot accept this analysis of the amendment. Although the subsection as amended does speak of an act rather than of a condition, a distinction made in *Brown Bros.*, to point out that the subsection deals with penalties, not elements, that it speaks of an act is by no means conclusive. A regulation may speak of an act rather than of a condition and still require scienter as an element. Nor can the addition of the language "causes or allows * * * " to the subsection be fairly taken to mean that the legislature intended to eliminate scienter, especially when one considers that the addition was made after

the subsection had been authoritatively construed as requiring scienter. The words 'cause' and 'allow' simply do not carry the force needed for this construction. If anything, they imply knowledge or scienter on the owner's part. See *State of New Jersey* v. *American Alkyd Industries, Inc.* (1954), 32 NJ Super 150 (107 A2d 830); *Sawyer* v. *Mould* (Iowa, 1909), 122 NW 813; *City of Eastlake* v. *Ruggiero* (1966), 7 Ohio App 2d 212 (220 NE2d 126); *Colonial Stores, Inc.* v. *Scholz* (Ga, 1945), 36 SE2d 189; *Thurman* v. *Adams* (1903), 82 Miss 204 (33 So 944). Most importantly, were we to construe this amendment as eliminating scienter, we would have to ignore the clear and as yet unamended language of section 716(a), language that cannot be ignored: "It is a misdemeanor for  *  *  *  the owner to cause or *knowingly* permit to be driven  *  *  *  any vehicle  *  *  *  of a weight exceeding the limitations stated in this chapter  *  *  *  ."

We note in passing that the Attorney General's reliance on the presence of the word "knowingly" in subsections (d) and (f) of 724 and its absence in (c) is misplaced. It is true, of course, that "knowingly" is used in (d) and (f) and not in (c). But it is used in these subsections because these subsections define, for the first time in the code, substantive offenses, namely, the knowing failure to stop at a weighing station and the knowing failure to stop on the request of an authorized person. Subsection (c) does not define a substantive offense, but merely prescribes the fine for the substantive offense defined earlier in the code by section 716 (a)—knowingly permitting to be driven any vehicle of a weight exceeding the limitations stated in section 722. Repetition of the elements in the section prescribing the penalties is unnecessary.

Reversed and remanded for entry of an order granting defendant's motion for dismissal.

All concurred.