PEOPLE v CENTRAL TRANSPORT, INC.

(CITY OF DEARBORN v CENTRAL TRANSPORT, INC.)

AUTOMOBILES—OVERLOADED VEHICLES—SCIENTER—STATUTES—MUNICI-
PAL CORPORATIONS—ORDINANCES.

Scienter is no longer an element of the offense of causing or
allowing a vehicle to be driven or moved on a highway in
violation of weight limitations (MCLA 257.716[a], 257.724[c];
MSA 9.2416[a], 9.2424[c], Dearborn ordinances, § 11.2).

Appeal from Wayne, John D. O'Hair, J. Submit-
ted May 12, 1977, at Detroit. (Docket No. 29013.)
Decided June 8, 1977.

Central Transport, Inc., and Fred Hosmer were
charged with operation of an overweight vehicle,
in violation of a City of Dearborn traffic ordinance.
Central Transport was convicted in district court.
Central Transport appealed to circuit court, which
reversed. The city appeals. Reversed, conviction
reinstated, and remanded to district court for sen-
tencing.

*William C. Hultgren,* Corporation Counsel, and
*William C. Mulcahy,* Assistant Corporation Coun-
sel, for the people of the City of Dearborn.

*Albert Green* (by *Michael T. Zajac),* for defend-
ants.

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobiles and Highway Traffic § 161.
Power to limit weight of vehicle or its load with respect to use of
streets or highways. 75 ALR2d 376.

Before: Bashara, P. J., and Quinn and Beasley, JJ.

Quinn, J. Central Transport, Inc., was convicted in district court of violating § 11.2 (overweight trucks) of plaintiff's traffic code ordinance. Central Transport, Inc. (hereafter defendant) appealed to circuit court, which reversed. The basis of reversal was that scienter was a necessary element of the offense charged and scienter had not been proved. Plaintiff appeals.

The sole issue on appeal is whether scienter is an element of the offense of which defendant was convicted.

The provisions of the ordinance parallel MCLA 257.716(a) and 257.724(c); MSA 9.2416(a) and 9.2424(c). Like MCLA 257.716(a); MSA 9.2416(a), plaintiff's ordinance was amended prior to the violation here involved by eliminating the word "knowingly" from § 11.2A. Prior to amendment, the statute and ordinance read in part, "[i]t is a misdemeanor * * * to cause or knowingly permit to be driven or moved * * * ". After amendment, this same portion reads, "[i]t is a misdemeanor * * * to cause or permit to be driven or moved * * * ". The amendments came after the decision in *People v Barkman,* 22 Mich App 697; 177 NW2d 721 (1970), and demonstrate the intent of the legislative bodies to eliminate scienter as an element of the offense.

Reversed, conviction reinstated and remanded to district court for execution of sentence. Costs to plaintiff.