■ In the Matter of RAYMOND ACCORSO, Doing Business as RAY-JOS CONSTRUCTION CO., Petitioner, v APPEALS BOARD OF THE ADMINISTRATIVE ADJUDICATION BUREAU et al., Respondents.—Determination unanimously annulled on the law without costs and petition granted. Memorandum: Petitioner commenced this CPLR article 78 proceeding to annul a determination that, as the registered owner of a dump truck, he permitted that vehicle to be operated on the highway while the weight on the wheels of the rear axle exceeded the limits set forth in Vehicle and Traffic Law § 385 (9). Petitioner, who neither operated nor was a passenger in the vehicle at the time, contends that a non-operator owner cannot be convicted of a violation of that section unless the evidence establishes

that he had knowledge that the vehicle was overweight. We agree.

Section 385 of the Vehicle and Traffic Law provides that "[n]o person shall operate or move, or cause or *knowingly* permit to be operated or moved on any highway or bridge thereon * * * any vehicle or combination of vehicles of a size or weight exceeding the limitations provided for in this section." (Emphasis added.) Respondents suggest that the word "knowingly" refers only to the nature of the driver's permission, i.e., that the owner must have knowingly permitted the operation of the vehicle. That construction, however, renders the word "knowingly" meaningless. The statute, interpreted in accord with respondents' suggestion, would have the same meaning without the word "knowingly", and we reject that proposed construction *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 231). In the context of this legislation, the word "knowingly" has meaning if construed to relate to knowledge of the size or weight of the vehicle. Therefore, absent evidence of knowledge, direct or circumstantial, that the vehicle was overweight, we conclude that petitioner was erroneously convicted of a violation of that statute *(see, People v Vinciguerra,* 24 Misc 2d 63, 65; *People v Matessino,* 15 Misc 2d 7, 9-10; *see also, Rupley v Winkler,* 147 Cal App 2d 168, 304 P2d 867; *People v Barkman,* 22 Mich App 697, 177 NW2d 721; *People v Brown Bros. Equip. Co.,* 3 Mich App 618, 143 NW2d 155, *affd* 379 Mich 363, 151 NW2d 824; *but see, People v Klabough,* 342 Ill App 507, 97 NE2d 115). (Article 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Cornelius, J.) Present—Denman, P. J., Boomer, Pine, Balio and Fallon, JJ.