(These cases, because of the pendency of petitions for rehearing, did not reach me in time to be published in their chronological order.—*Reporter*).

### R. E. MORRIS v. J. E. STOUT, SHERIFF, Appellant.

Desertions as Criminal Offens': CONSTITUTIONAL LAW. Code, section 4764 providing that every man who shall marry any woman to escape prosecution for seduction, and shall afterwards desert her, without good cause, shall be deemed guilty of misdemeanor, does not violate Constitution Article 1, section 6, requiring all laws of a general nature to have uniform operation.

*Appeal from Polk District Court.*—HON. CHARLES A. BISHOP, Judge.

SATURDAY, APRIL 8, 1899.

THE plaintiff was arrested on preliminary information, and at the examination he was held for appearance to answer the action of the grand jury on a charge of violating the provisions of section 4764 of the Code. A warrant of commitment issued to the defendant sheriff, commanding him to detain the plaintiff in the jail of the county until legally discharged by due course of law. The plaintiff presented his petition to the district court, reciting facts and charging the restraint as illegal, and, in accord with the prayer, a write of habeas corpus issued; and the defendant made return thereto, showing the facts under which plaintiff was held in custody, and presented a demurrer to the petition, which the court overruled, sustaining the writ and discharging the plaintiff. The defendant appealed.—*Reversed.*

*Milton Remley,* Attorney General, and *James Nugent* for appellant.

*Bowen & Brockett* for appellee.

GRANGER, J.—The only question presented by the appeal is the constitutionality of our law making it a crime for a man to marry a woman for the purpose of escaping a prosecution for seduction, and afterwards deserting her without just cause. Section 4762 of the Code defines the crime of seduction, and prescribes the penalty for it. The next two sections are as follows:

"Sec. 4763. If, before judgment on the indictment, the defendant marry the woman thus seduced, it is a bar to any further prosecution for the offense.

"Sec. 4764. Every man who shall marry any woman for the purpose of escaping prosecution for seduction, and shall afterwards desert her without good cause, shall be deemed guilty of a misdemeanor and shall be punished accordingly."

The district court held section 4764 vulnerable to article 1, section 6, of the constitution, which provides that "All laws of a general nature shall have uniform operation." This law is, no doubt, of a general nature. The question then is, does it fail to be of uniform operation, within the constitutional meaning? This court has said, speaking of this same constitutional provision, that "if the law operates upon every person within the relations or circumstances provided for, it is sufficient as to uniformity." It is said they are to be "uniform in their operation upon all persons in the like situation." *McAunich v. Railroad Co.,* 20 Iowa, 338; *Haskel v. City of Burlington,* 30 Iowa, 232; *Land Co. v. Soper,* 39 Iowa, 112. This rule is not questioned, but the thought seems to be that the act in question embraces, not husbands, generally, but a particular class of husbands, and that, hence, there is not uniformity in its operation. We do not find that a law like ours has been enacted in any of the other states, but many of them have a law, that we do not have, which makes husbands criminally liable for abandoning, for deserting, and for neglecting to provide for their

wives when able so to do. Laws of such a character are to be found in Connecticut, Missouri, Colorado, Pennsylvania, New York, Massachusetts, Alabama, New Jersey, and Wisconsin. It is true, those laws are general as to all husbands. We have the law provided in section 4763, that, if a man criminally charged with seduction shall marry the woman seduced, his act of marriage shall bar a further prosecution; and in the same connection, and on the same subject, the further provision that if he shall desert the woman so married, without good cause, he shall be punished criminally. That law is applicable to all men who marry to avoid prosecution. The law has, in effect, classified men who marry under such conditions. The state has waived its charge of criminality, because of an undertaking to discharge the obligations of a husband; and the waiver is conclusive, regardless of the fact of guilt. The law imposes upon the state and upon the man the obligations of good faith; and nothing need be clearer than that such a breach of the martial vows by desertion would go beyond the ordinary breach of such vows, for it robs the law, under which the prosecution was waived, of the very inducement for its enactment. The law, as a whole, simply says to the man who thus marries, "You shall not assume the obligations of a husband, to avoid prosecution for a crime, and, after taking the benefits to yourself, disregard your assumed obligation with impunity." If any ordinary desertion, without cause, could be made criminal, which no one seems to deny, why may not the same act with the added fact of having married to avoid prosecution? It is a mistake to say that the law has reference, in its operation, to one man more than to another. It fixes the facts that will constitute the crime, and any man who does the prohibited acts is guilty of the crime. One fact to appear is that there is a charge of seduction; another, that the person charged married to escape prosecution; and another, that he afterwards deserted the woman thus married, without good cause. The crime consists of the desertion, but other

conditions are essential to make the law applicable, and all who come within the conditions are amenable to the law. It is said that there is no connection between the felony (the seduction) and the misdemeanor. Why need there be, to make the desertion a crime? The felony is excused. The charge of crime is excused, and the misdemeanor consists in assuming an obligation to have it excused, and then betraying the obligation. It is also thought that there is no infringement of the public interest, in such a case of desertion, not found in any other desertion by a husband. If that be true, what does it signify? It might go to the propriety or policy of such a discrimination, but not to the validity of the law, from a constitutional point of view; for the law might include all desertions by a husband. If so, it could surely make criminal those differing from others in matters of fact. In the state of Washington an ordinance prohibited barbers from pursuing their calling on Sunday, and the act was held invalid as special legislation, for not applying to other laborers. It is said that one class is singled out, and denied rights not denied to other classes. See *City of Tacoma v. Krech,* 15 Wash. 296, (46 Pac. Rep. 255). The same holding was had in *Ex parte Jentzsch,* 112 Cal. 468 (44 Pac. Rep. 803). The holdings are that one class of persons cannot alone be denied rights which it is entitled to enjoy in common with other classes. Such a rule has no application to this case. This law involves no denial of rights. It simply imposes a liability for the doing of specific acts, and every man so doing comes within its operation. Other authorities cited by appellee are alike without application.

The demurrer to the petition should have been sustained. —*Reversed.*