PEOPLE *v.* ELLIS.

1. CRIMINAL LAW—PROSECUTION—DEFINITION.

A prosecution is generally understood to be a criminal action; a proceeding instituted and carried on by due course of law before a competent tribunal for the purpose of determining the guilt or innocence of the person charged with some crime or offense.

2. SAME—STATUTES—CONSTRUCTION.

Criminal statutes cannot be extended to cases not included within the clear and obvious import of their language, and if there is doubt as to whether the act charged is embraced in the prohibition, that doubt is to be resolved in favor of the defendant.

3. SAME—WIFE DESERTION—OFFENSE.

Where no proceeding or prosecution for bastardy had been had against defendant prior to his marriage with complaining witness, his subsequent desertion of her was not a violation of Act No. 310, Pub. Acts 1913 (section 7794, 2 Comp. Laws 1915), making it an offense to desert a wife married for the purpose of escaping prosecution.

Exceptions before judgment from the superior court of Grand Rapids; Dunham, J. Submitted October 17, 1918. (Docket No. 113.) Decided December 27, 1918.

Charles R. Ellis was convicted of wife desertion under Act No. 310, Pub. Acts 1913. Reversed, and defendant discharged.

*Ellis & Ellis,* for appellant.

*Cornelius Hoffius,* Prosecuting Attorney, and *Willis B. Perkins, Jr.,* Assistant Prosecuting Attorney (*Fred P. Geib,* of counsel), for the people.

STONE, J. This case is here upon exceptions before sentence. The defendant was convicted in the supe-

rior court of Grand Rapids upon an information charging that:

"Charles R. Ellis * * * on, to wit, the 13th day of March, 1917, at the city of Grand Rapids, county of Kent, aforesaid, was then and there married to one Gertrude Britton, for the purpose of escaping a prosecution for bastardy, she, the said Gertrude Britton, having accused said Charles R. Ellis of making her pregnant with child, and she, the said Gertrude Britton, on the said 13th day of March, 1917, being then and there pregnant with child, for which the said Charles R. Ellis was liable to prosecution under the laws of this State, and he, the said Charles R. Ellis afterwards, to wit, on the 13th day of March, 1917, did desert and abandon said Gertrude Britton Ellis without any cause or reason, whatsoever. Contrary to the statute," etc.

The statute (Act No. 310, Pub. Acts 1913, being section 7794, 2 Comp. Laws 1915) is entitled:

"An act to provide punishment for wife desertion in certain cases."

It reads as follows:

"Every man or boy who shall marry any woman or girl for the purpose of escaping prosecution for rape, bastardy or seduction, and shall afterwards desert her without good cause, shall be deemed guilty of a felony, and shall, upon conviction, be fined not more than one thousand dollars or be imprisoned in the State prison for not more than three years: *Provided*, That no prosecution shall be brought under this act after five years from the date of the marriage: *Provided further*, That in all prosecutions under this act, the wife may testify against a husband without his consent."

We are met at the threshold with the proposition of defendant's counsel, duly raised by an assignment of error, that a proper construction of this statute requires the dismissal of the case and the discharge of the defendant for the reason that the words, "for

the purpose of escaping prosecution for * * * bastardy" are intended to apply to a case only where a prosecution for, or proceeding in, bastardy had actually been instituted against the defendant at, or prior to, the time of his marriage. It is undisputed that the evidence in the instant case shows that no actual prosecution or proceeding had been commenced at the time of the marriage.

There is no claim that the statute is unconstitutional, and that question is not before us.

This statute is here for consideration for the first time. It is apparent that it is a drastic and radical statute, making it a felony for a class of persons named to desert their wives without good cause, without reference to financial ability, and making no provision, as did Act No. 144, Pub. Acts 1907, for suspension of sentence upon giving a bond conditioned to support the wife. See *People* v. *Stickle,* 156 Mich. 557.

We have examined the statutes and certain decisions from other jurisdictions, without receiving much aid therefrom. Counsel for the people called our attention to the statute and certain decisions of the State of Indiana. The statute of that State provides:

"That any male person who being at the time under or liable to a prosecution, either civil or criminal, for seduction or bastardy, fraudulently enters into a marriage with the female who has been seduced, or who is the mother of the bastard child, with the intent thereby to escape or avoid such prosecution or the consequences thereof, and who within two years after such marriage, without just cause, shall abandon his wife, or who shall, within such time, cruelly and inhumanly mistreat such wife, or fail and neglect to make reasonable provision for her support, shall be liable to an action for the recovery of a penalty which shall in no case be less than two hundred dollars." 4 Burns' Ind. Ann. Stat. (1914) § 8377.

Section 4 (8380) of the same statute provides that:

"the practice in such cases as to the execution of the bond, examination by the justice, commitment of the defendant for failure to give bond, trial, judgment, commitment for nonpayment or failure to secure the judgment rendered in the circuit court, execution, and as to all other matters shall be governed by the laws now in force governing prosecutions for bastardy."
\* \* \*

It will be noted that this statute did not create a felony. It has been construed a number of times. See *State, ex rel. Lannoy,* v. *Lannoy,* 30 Ind. App. 335 (65 N. E. 1052) ; *State, ex rel. Richeson,* v. *Richeson,* 36 Ind. App. 373 (75 N. E. 846) ; *Latshaw* v. *State, ex rel. Latshaw,* 156 Ind. 194 (59 N. E. 471).

While the Indiana statute differs radically from ours, an examination of the above cited cases will disclose that in each instance the defendant had been arrested and prosecution was pending at the time of the marriage, and pending such prosecution the party sought escape by marriage. In fact we have been unable to find any case of a similar kind where a specific charge had not been made and prosecution instituted before the marriage.

In *Morris* v. *Stout,* 110 Iowa, 659 (78 N. W. 843), the court, speaking of a similar statute, said:

"It fixes the facts that will constitute the crime, and any man who does the prohibited act is guilty of the crime. One fact to appear is that there is a charge of seduction."

By construction, the Indiana statute has, by her courts, been held to be supplementary to the bastardy act, and that under it provision might be made for the support of the wife and child. That being so, the courts have held the statute to be a remedial one, and it has been given a broad and liberal construction for that reason. We get but little aid from it in construing a statute like that which we have under consideration, which is not a remedial statute, but creates a felony and provides for drastic punishment. It will

be observed that the word "prosecution" is used twice in our statute. Can it be said, with any force or reason, that the word "prosecution," is used in different senses here? We think not. A prosecution is a definite thing. A prosecution is generally understood to be a criminal action; a proceeding instituted and carried on by due course of law before a competent tribunal for the purpose of determining the guilt or innocence of the person charged with some crime or offense. Black's Law Dictionary (2d Ed.).

The language of this statute is not very clear in the particular mentioned. A criminal statute ought to be so plain and unambiguous that "he who runs" may read, and understand whether his conduct is in violation of its provisions.

It will be noted that the public prosecutor in the information in the instant case charged that the said Ellis "was liable to prosecution under the laws of this State," thus substituting other words for those used in the statute. It is a fundamental rule of construction of criminal statutes that they cannot be extended to cases not included within the clear and obvious import of their language. And if there is doubt as to whether the act charged is embraced in the prohibition, that doubt is to be resolved in favor of the defendant. In other words, nothing is to be added by intendment. 36 Cyc. p. 1186, and cases cited in notes. See, also, *Meister* v. *People,* 31 Mich. 98; *Van Buren* v. *Wylie,* 56 Mich. 501; *Crosby* v. *Railroad Co.,* 131 Mich. 288.

Considering the language and purpose of this statute, and applying the foregoing rules, it seems to us that the safer ruling is to hold that there must be a proceeding or prosecution for bastardy instituted before a person can be held to come within its terms; and the evidence showing that no such proceeding or

prosecution had been had prior to the marriage in this case, we are of opinion that the defendant was not within the purview or scope of the statute.

It is urged, with some force, by counsel for defendant, that any other view of the provision of the statute than that contended for by him would render it a dangerous instrument in the hands of a deserted and unscrupulous wife, who, at any time within five years after the marriage, without any charge or prosecution having been ever instituted or appearing anywhere of record, could say to the husband:

"You seduced me before marriage and married me to escape prosecution, and I will therefore prosecute you under this criminal statute."

The people's attorneys claim that the words "liable to be prosecuted" are equivalent to prosecution. We are of opinion that the legislature has failed to express any such intent in the statute; and its provisions could be easily amended should the legislature see fit to do so.

In view of the language of the statute, we are constrained to hold that the people have failed by the evidence to bring the defendant within its terms. Having reached this conclusion, it is unnecessary to consider the other points raised by defendant's counsel. However, it perhaps should be said that a careful examination and scrutiny of the evidence in the case fail to show that the marriage was other than a voluntary one on the part of both the husband and wife. There was no threat even of a prosecution. The only threat shown was that the complaining witness said she would tell the defendant's mother of her condition, if he did not marry her. It is true that the evidence shows that they were both minors, and were married under the provisions of Act No. 180, Pub. Acts 1897, being section 11387, 3 Comp. Laws 1915, entitled:

"An act to provide for the protection of the reputation and good name of certain persons."

This statute provides that the judge of probate may issue marriage licenses in certain cases. Section 1, in part, is as follows:

"The judge of probate of each county in the State shall have authority, and it shall be his duty to issue, without publicity, a marriage license to any female making application to him, under oath, containing a statement that she is with child, which if born alive before her marriage will become a bastard, or has lived with a man, and has been considered as his wife, or for other good reason, expressed in such application and deemed to be sufficient by the judge of probate, desires to keep the exact date of the marriage secret, to protect the good name of herself and the reputation of her family." * * *

Then follows the proviso with reference to written requests of parents and guardians in the case of female minors.

There is nothing in this act to indicate that the marriage there provided for is to take place to escape a prosecution. Nor is there any evidence in the case which shows that the marriage did in fact take place because defendant was either liable to a prosecution, or that it was for the purpose of escaping a prosecution for bastardy, rape, or any other offense.

We are therefore of the opinion that the conviction should be reversed and set aside, and the defendant discharged.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.