PEOPLE v WILLIE JOHNSON

1. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—STATUTES.

A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person under circumstances which are stated in any of the seven sections or subsections of the statute (MCLA 750.520b[i]; MSA 28.788[2][1]).

2. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—SENTENCE.

Criminal sexual conduct in the first degree is a felony punishable by imprisonment in the state prison for life or for any term of years.

3. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—CONVICTIONS—STATUTES.

The Legislature intended that but one conviction under the criminal sexual conduct act could result from a single act of intercourse (MCLA 750.520b; MSA 28.788[2]).

4. STATUTES—CRIMINAL LAW—STRICT CONSTRUCTION—STATUTORY PROHIBITION—OFFENSES AND PUNISHMENT—JUDICIAL INFRINGEMENT—LEGISLATIVE FUNCTION—VAGUE LAWS.

The rule that criminal statutes must be strictly construed is used to determine what actions come within the scope of a statutory prohibition; it requires that doubtful conduct be found not criminal, reflects the idea that the Legislature must define criminal offenses and punishment, works to avoid judicial infringement of that legislative function and serves to guard against the dangers of arbitrary and discriminatory application of otherwise vague laws.

5. CRIMINAL LAW—STATUTES—STATUTORY SCHEME—CRIMINAL CONVICTIONS—LEGISLATIVE GUIDANCE—RULE OF LENITY.

The rule of lenity was formulated to resolve ambiguities in a

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 7 Am Jur 2d, Adultery and Fornication § 9.
[4] 21 Am Jur 2d, Criminal Law § 17.
[5] 21 Am Jur 2d, Criminal Law § 166.
[6] 2 Am Jur 2d, Adultery and Fornication § 25.

single statutory scheme in favor of permitting one rather than two criminal convictions for the same criminal act, absent clear legislative guidance to the contrary.

6. STATUTES—CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—AGGRA-
VATING CIRCUMSTANCES—CONVICTIONS—SINGLE PUNISHMENT.

The Legislature intended that the various aggravating circumstances defined in a multi-section comprehensive statute be alternative ways of proving sexual conduct in the first degree; it did not intend that proof of one or more of these aggravating circumstances could transform one criminal sexual act into many, and where there are two convictions for the same act only one conviction may stand.

Appeal from Recorder's Court of Detroit, Robert L. Evans, J. Submitted February 7, 1977, at Detroit. (Docket No. 27857.) Decided April 19, 1977. Leave to appeal applied for.

Willie Johnson, Jr., was convicted of two counts of criminal sexual conduct in the first degree. Defendant appeals. Conviction on one count vacated. Conviction on the other count affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Stephen H. Boak,* Director, Prosecutor's Repeat Offender's Bureau, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*Townsend, Haley & Overton,* for defendant on appeal.

Before: BRONSON, P. J., and ALLEN and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant was charged in an information alleging four counts of criminal sexual conduct in the first degree and one count of armed robbery. MCLA 750.520b; MSA 28.788(2), MCLA 750.529; MSA 28.797. A jury found him guilty as

charged of two counts of criminal sexual conduct and were unable to reach a verdict on the remaining three counts. Defendant was sentenced to prison and now appeals by right.

Michigan's new act defining criminal sexual conduct, 1974 PA 266, provides in relevant part as follows:

"Sec. 520b. (1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists * * * ."

The statute goes on to list in seven sections, some with subsections, various circumstances, any of which would render "sexual penetration with another person" to be criminal sexual conduct in the first degree.

The penalty for such conduct is provided as follows:

"(2) Criminal sexual conduct in the first degree is a felony punishable by imprisonment in the state prison for life or for any term of years."

In this case, count 1 of the information charged that defendant engaged in sexual penetration with another "under circumstances involving the commission of another felony". MCLA 750.520b(1)(c); MSA 28.788(2)(1)(c). Count 2 charged that defendant engaged in sexual penetration with another while "aided or abetted by one or more other persons" and "used force or coercion to accomplish the sexual penetration". MCLA 750.520b(1)(d)(ii); MSA 28.788(2)(1)(d)(ii). Count 3 charged that defendant engaged in sexual penetration with another while "armed with a weapon, or an article used or fashioned in a manner to lead a person to

reasonably believe it to be a weapon". MCLA 750.520b(1)(e); MSA 28.788(2)(1)(e). Count 4 charged that defendant engaged in sexual penetration with another and that defendant "did use force or coercion to accomplish the sexual penetration" and "did cause personal injury to the complainant". MCLA 750.520(b)(1)(f); MSA 28.788(2)(1)(f).

There is no need to recite the evidence at length. It was clearly sufficient to support a conviction on any single count contained in the information.

The evidence also clearly showed, however, that defendant had engaged in but one sexual penetration of one victim.[1]

As noted, the jury found defendant guilty of counts 2 and 4, and were unable to reach a verdict on the remaining counts.

On appeal, defendant claims violations of constitutional and statutory protections against double jeopardy.[2] We find it unnecessary to discuss the constitutional issue. We are convinced that the Legislature intended that but one conviction under the criminal sexual conduct act could result from a single act of intercourse.

It is a familiar rule of statutory construction that criminal statutes must be strictly construed. See, *e.g., People v Ellis,* 204 Mich 157; 169 NW 930 (1918), *Jads, Inc v Detroit,* 41 Mich App 693; 200 NW2d 715 (1972); 1 Gillespie, Michigan Criminal

---

[1] The evidence also showed a sexual penetration of the victim by defendant's accomplice. Except as to count 2, the prosecutor has never relied on any theory of aiding and abetting and the jury was not instructed on defendant's possible guilt as an aider or abettor of the sexual penetration accomplished by his accomplice. The charges and convictions were clearly all for defendant's penetration of the victim.

[2] US Const, Am V and XIV; Const 1963, art 1, § 15; MCLA 768.33; MSA 28.1056.

Law and Procedure (2d ed), § 8, pp 13–18, and cases cited therein. The rule is most often employed .in determining what actions come within the scope of a statutory prohibition. The principle requires that doubtful conduct be found not criminal. In large part, the principle in those cases is based on the idea of notice,[3] but this rule of strict construction of penal or criminal statutes also reflects the idea that it is the job of the Legislature to define criminal offenses and punishment. Restraint by the courts in interpreting criminal statutes works to avoid judicial infringement of that legislative function. Reflecting this policy is the following statement from an early Supreme Court case:

"No principle is more universally settled than that which deprives all courts of power to infer, from their judicial ideas of policy, crimes not defined by statute or by common-law precedents. Nothing can be a crime until it has been recognized as such by the law of the land." *Ware v Branch Circuit Judge,* 75 Mich 488, 491; 42 NW 997 (1889).

Strict construction also serves to guard against the dangers of arbitrary and discriminatory application of otherwise vague legislative pronouncements. *People v Howell,* 396 Mich 16, 20, fn 4; 238 NW2d 148 (1976).

It was on these and similar considerations that the "rule of lenity", as defined and applied in *People v Bennett,* 71 Mich App 246; 247 NW2d 368 (1976), was formulated to resolve ambiguities in a single statutory scheme in favor of permitting only

---

[3] "A criminal statute ought to be so plain and unambiguous that 'he who runs' may read, and understand whether his conduct is in violation of its provisions." *Ellis, supra,* at 161.

one rather than two criminal convictions absent clear legislative guidance to the contrary.[4]

Further aiding our construction of the statute is the fact that it is but one section of a comprehensive statutory scheme defining criminal sexual conduct and providing punishment for violations. The gravamen of the offenses charged in counts 1–4 of the information in this case, all arising under a single section of this comprehensive statute, is clearly the unconsented-to sexual penetration of the complainant. While at least some of the circumstances listed in subsections (a)–(g) of MCLA 750.520(b)(1); MSA 28.788(2), may amount to criminal behavior in their own right, in the context of the statutory scheme enacted by 1974 PA 266 they are merely elements which can serve to increase the penalty imposed for the criminal sexual conduct forbidden by the act.

We do not perceive any legislative intent, however, that proof of one or more of these aggravating circumstances could transform one criminal sexual act into many. Although the statute is not explicitly phrased in the alternative, we are of the opinion that the Legislature intended that the various aggravating circumstances be alternative ways of proving criminal sexual conduct in the first degree. Canons of strict construction and the rule of lenity, in any event, would require that result in the absence of a clear legislative intent to

---

[4] The recent Supreme Court decision in *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), has rendered the holding in *Bennett, supra,* as to double jeopardy erroneous in the factual situation presented in those two cases. *Martin* does not affect the statutory analysis contained in *Bennett* which reached the same result. *Martin* held that a defendant could not be convicted and sentenced both for a greater and a necessarily included lesser offense based on the same act. It does not control the instant case, as each conviction in this case required the jury to find at least one element not required for the other.

the contrary. Consequently, only one of defendant's convictions may stand.

Defendant's conviction on count 4 of the information is hereby vacated, and defendant stands convicted of one count of criminal sexual conduct in the first degree.

Although defendant did not preserve for appellate review any objection to the form of the information used in this case, or the jury instructions, and our vacation of one of the convictions eliminates the possibility of a manifest injustice, we would suggest that the problem encountered here could have been avoided by charging the aggravating circumstances alternatively[5] and instructing the jury appropriately.

Defendant's conviction on count 4 is hereby vacated. The remaining conviction is affirmed.

[5] "Sec. 55. In an indictment for an offense which is constituted of 1 or more of several acts, or which may be committed by 1 or more of several means, or with 1 or more of several intents, or which may produce 1 or more of several results, 2 or more of such acts, means, intents or results may be charged in the alternative." MCLA 767.55; MSA 28.995.