## PEOPLE v KUBASIAK

Docket No. 47476. Submitted May 6, 1980, at Grand Rapids.—Decided July 2, 1980. Leave to appeal applied for.

David W. Kubasiak was charged with felonious assault, breaking and entering with intent to commit felonious assault, and first-degree criminal sexual conduct. The charges arose out of an incident in which Kubasiak and a codefendant broke into the apartment of Kubasiak's estranged wife. They pursued a visitor and then Kubasiak attempted to engage in sexual intercourse with his wife. Kubasiak was bound over to circuit court for trial. Before trial he made a motion to quash the information, which was denied, Kent Circuit Court, John T. Letts, J. Kubasiak appeals by leave granted, contending that there was insufficient evidence at the preliminary examination for the examining magistrate to bind him over for trial. *Held:*

1. The statute which provides inter-spousal immunity extends to all degrees of criminal sexual conduct. A person does not commit criminal sexual conduct of any degree where the victim is his or her legal spouse unless the parties are living apart and one of them has filed for separate maintenance or divorce. Here, the parties were living apart but neither had filed for separate maintenance or divorce. Therefore, the defendant could not be convicted of criminal sexual conduct and the examining magistrate abused his discretion in binding the defendant over on that charge.

2. The examining magistrate erred in admitting into evidence a report of the investigating officer reflecting a statement made by the visitor, the victim of the charged felonious assault. There was no indication that the victim had examined the

REFERENCE FOR POINTS IN HEADNOTES

[1, 2, 7] 21 Am Jur 2d, Criminal Law § 443 *et seq.*

[3-5] 21 Am Jur 2d, Criminal Law §§ 13, 17.

73 Am Jur 2d, Statutes § 300.

[6] 65 Am Jur 2d, Rape § 27.

Criminal responsibility of husband for rape or assault to commit rape, on wife. 84 ALR2d 1017.

[8] 29 Am Jur 2d, Evidence §§ 876, 877.

[9, 10] 6 Am Jur 2d, Assault and Battery § 48 *et seq.*

report and adopted it at a time when his memory of the incident was fresh.

3. There was insufficient evidence presented to show that a felonious assault had taken place. Felonious assault is assault with a dangerous weapon. There was no evidence of the presence or use of a dangerous weapon and one may not be inferred from the evidence presented here. Binding the defendant over on this charge was an abuse of discretion.

4. Because there was insufficient evidence to support a finding of felonious assault there was also insufficient evidence to support a finding that a felonious assault was intended. The magistrate abused his discretion in binding the defendant over on the charge of breaking and entering with intent to commit felonious assault.

Reversed, and the information is quashed.

D. C. Riley, J., concurred. She would, however, urge the Legislature to modify the statute providing inter-spousal immunity from the criminal sexual conduct act to eliminate the necessity of filing for separate maintenance or divorce before a spouse could be convicted of criminal sexual conduct against his or her mate. She recommends a law which would recognize that a spouse may be convicted of sexual assault if the assault is made after a certain length of time after the separation of the spouses.

1. Criminal Law — Examining Magistrates — Probable Cause — Evidence.

It is the duty of an examining magistrate to bind a defendant over for trial if it appears that a crime has been committed and there is probable cause to believe that the defendant committed it; positive proof of guilt is not required but there must be evidence on each element of the crime charged or evidence from which those elements may be inferred.

2. Criminal Law — Preliminary Examination — Examining Magistrates — Abuse of Discretion.

A magistrate's determination at a preliminary examination should not be disturbed absent a clear abuse of discretion.

3. Statutes — Construction of Statutes.

Judicial construction of a statute is precluded where the language of the statute is plain and unambiguous.

4. Criminal Law — Statutes — Strict Construction.

Criminal statutes are strictly construed, and a defendant cannot

be convicted under a statute unless his acts are clearly and unequivocally encompassed by its terms.

5. CRIMINAL LAW — COURTS — CRIMES.

Courts have no authority to infer the existence of crimes not defined by statute or by common-law precedent.

6. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — SPOUSES — STATUTES.

A person does not commit criminal sexual conduct of any degree if the victim is his or her legal spouse unless the parties are living apart and one of them has filed for separate maintenance or divorce (MCL 750.520l; MSA 28.788[12]).

7. CRIMINAL LAW — EXAMINING MAGISTRATES — EVIDENCE.

An examining magistrate may consider only legally admissible evidence in reaching a decision to bind a defendant over for trial.

8. CRIMINAL LAW — EVIDENCE — HEARSAY — EXCEPTIONS TO HEARSAY — RECORDED RECOLLECTION.

Documents admitted into evidence pursuant to the recorded recollection exception to the hearsay rule must meet three conditions: (1) the document must pertain to matters about which the declarant once had knowledge; (2) the declarant must now have an insufficient recollection as to such matters; and (3) the document must be shown to have been made by the declarant or, if made by other than the declarant, to have been examined by the declarant and shown to accurately reflect the declarant's knowledge when the matters were fresh in his memory.

9. ASSAULT AND BATTERY — FELONIOUS ASSAULT.

The elements of felonious assault are (1) an assault (2) with a dangerous weapon.

10. ASSAULT AND BATTERY — INTENT — PROOF.

A prosecutor has the duty to prove that a defendant charged with breaking and entering with intent to commit felonious assault intended to commit a felonious assault.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*David M. Hall,* for defendant on appeal.

Before: R. B. Burns, P.J., and J. H. Gillis and D. C. Riley, JJ.

J. H. Gillis, J. The defendant was charged with felonious assault, MCL 750.82; MSA 28.277, breaking and entering with the intent to commit felonious assault, MCL 750.110; MSA 28.305, and first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). A preliminary examination was held on September 12, 1978, at the conclusion of which the defendant was bound over for trial on all three charges.

Prior to trial, the defendant moved in the circuit court to quash the information. The motion was denied in an order dated June 14, 1979. The defendant thereafter sought leave to appeal to this Court. The application for leave to appeal was granted in an order dated December 21, 1979. GCR 1963, 806.2.

The defendant contends on appeal that the evidence adduced at the preliminary examination was insufficient to support the magistrate's decision to bind him over on any of the above charges.

It is the duty of the examining magistrate to bind a defendant over for trial if it appears that a crime has been committed and there is probable cause to believe that the defendant committed it. MCL 766.13; MSA 28.931, *People v Asta,* 337 Mich 590, 609-610; 60 NW2d 472 (1953). While positive proof of guilt is not required, there must be evidence on each element of the crime charged or evidence from which those elements may be inferred. *People v Oster,* 67 Mich App 490, 495; 241 NW2d 260 (1976). A magistrate's determination at the preliminary examination should not be disturbed unless a clear abuse of discretion is demon-

strated. *People v Doss*, 406 Mich 90, 101; 276 NW2d 9 (1979).

Our initial inquiry is whether the people presented sufficient evidence to support the magistrate's finding that the crime of first-degree criminal sexual conduct contrary to MCL 750.520b(1)(f); MSA 28.788(2)(1)(f) had been committed.

MCL 750.5201 MSA 28.788(12) provides:

"A person does not commit sexual assault under this act if the victim is his or her legal spouse, unless the couple are living apart and one of them has filed for separate maintenance or divorce."

The defendant's wife is the alleged victim of the criminal sexual conduct charge. The defendant contends that the marital relationship precludes a finding that first-degree criminal sexual conduct had been committed.

The defendant argues that the inter-spousal immunity of MCL 750.5201 extends to all forms of criminal sexual conduct; in particular, first-degree criminal sexual conduct. The people argue that the statute's use of the term sexual "assault" indicates that inter-spousal immunity extends only to those acts of criminal sexual conduct which involve an assault, *i.e.,* assault with intent to commit criminal sexual conduct, MCL 750.520g; MSA 28.788(7).

Where the language of a statute is plain and unambiguous, judicial construction thereof is precluded. *Lansing v Lansing Twp*, 356 Mich 641, 648-649; 97 NW2d 804 (1959). Where, as here, the statute is reasonably subject to two or more interpretations, the proper interpretation must be ascertained by reference to the canons of judicial construction. *King v Director of Midland County Dep't of Social Services*, 73 Mich App 253, 258; 251 NW2d 270 (1977).

Criminal statutes are strictly construed. A defendant cannot be convicted under the language of a statute unless his acts are clearly and unequivocally uncompassed by its terms. *People v Lyons,* 93 Mich App 35, 43; 285 NW2d 788 (1979). The rule is most often employed in determining what actions come within the scope of a statutory prohibition. If there is doubt as to whether the act charged is embraced in the prohibition, that doubt is to be resolved in favor of the defendant. This principle is based on the idea of notice to the defendant. *People v Ellis,* 204 Mich 157, 161; 169 NW 930 (1918).

This principle also reflects the premise that it is the job of the Legislature to define criminal offenses. Restraint by the courts in interpreting criminal statutes works to avoid judicial infringement of that legislative function. No principle is more universally settled than that which deprives all courts of authority to infer, from their judicial ideas of policy, crimes not defined by statute or by common-law precedent. *Ware v Branch Circuit Judge,* 75 Mich 488, 491; 42 NW 997 (1889), quoted in *People v Willie Johnson,* 75 Mich App 221, 225; 255 NW2d 207 (1977).

These principles are supportive of the interpretation urged by the defendant. Case law prior to the adoption of the criminal sexual conduct act held that a man could not be guilty of raping his wife. See *People v Pizzura,* 211 Mich 71; 178 NW 235 (1920). To adopt plaintiff's interpretation of MCL 750.5201 would subject the defendant to punishment for a crime which is neither clearly defined by statute nor defined at all by common-law precedent. This cannot be done without wholly violating the above principles of construction. As such, we hold that MCL 750.5201 is properly inter-

preted to mean that an actor does not commit first-through-fourth-degree criminal sexual conduct if the victim is his or her legal spouse unless the parties are living apart and one of them has filed for separate maintenance or divorce.

We note that this interpretation is consistent with our perception of the legislative intent underlying MCL 750.5201. We have examined the various extrinsic aids cited by the parties which relate to such legislative intent and conclude that while the Legislature intended that the criminal sexual conduct act strengthen the criminal law describing unlawful sexual conduct, *People v Nelson,* 79 Mich App 303, 319; 261 NW2d 299 (1977), it did not intend to extend such strengthening as far as is argued by the plaintiff. See, generally, Note: *Michigan's Criminal Sexual Assault Law,* 8 U Mich J Law Ref 217, 232-233 (1974), Note: *Criminal Law—Sexual Offenses—A Critical Analysis of Michigan's Criminal Sexual Conduct Act,* 23 Wayne L Rev 203, 210 (1976), 1979 Michigan Second Revised Criminal Code, § 2340 and comments thereto.

An examination of the record in the present case discloses that, while it is undisputed that the parties were living apart at the time of the offense, it is similarly undisputed that neither had filed an action for divorce or separate maintenance. On these facts we must conclude that MCL 750.5201 applies and precludes a finding that the first-degree criminal sexual conduct had been committed.[1] The magistrate's determination to the contrary constitutes an abuse of discretion.

We next consider whether the people presented sufficient evidence at the preliminary examination

[1] The defendant's alleged criminal liability with respect to the criminal sexual conduct charge is not based upon the behavior of another. See fn 2 *infra.*

to support the magistrate's findings that the crimes of felonious assault and breaking and entering with intent to commit felonious assault had, in fact, been committed and that there existed probable cause to believe that the defendant committed them.

In answering this question we must first address an evidentiary matter. It is well-settled that an examining magistrate may consider only legally admissible evidence in reaching a decision to bind a defendant over for trial. *People v Walker,* 385 Mich 565; 189 NW2d 234 (1971). The defendant claims that the magistrate erred in considering the testimony of the investigating officer concerning a prior statement made by the victim of the felonious assault.

Otherwise objectionable hearsay testimony is admissible if it falls within a recognized exception to the hearsay rule of exclusion. MRE 803(5) provides:

"The following [is] not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \*

"(5) Recorded recollection. A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."

Documents admitted pursuant to this rule must meet three requisites: (1) The document must pertain to matters about which the declarant once had knowledge; (2) The declarant must now have

an insufficient recollection as to such matters; (3) The document must be shown to have been made by the declarant or, if made by one other than the declarant, to have been examined by the declarant and shown to accurately reflect the declarant's knowledge when the matters were fresh in his memory. *United States v Edwards,* 539 F2d 689, 691-692 (CA 9, 1976), *cert den* 429 US 984; 97 S Ct 501; 50 L Ed 2d 594 (1976), and *United States v Williams,* 571 F2d 344, 348 (CA 6, 1978), interpreting FRE 803(5) which is identical to MRE 803(5). See, generally, *Moncrief v Detroit,* 398 Mich 181, 189-190; 247 NW2d 783 (1976).

In the present case, Ronald Schansema, the victim of the alleged felonious assault, made the statement in question to the investigating officer five days after the incident. The officer prepared a report reflecting the statement. Schansema testified at the preliminary examination that he had no present recollection of the events at issue. The magistrate permitted the officer to read the report into evidence.

We find that the first and second requisites to admissibility were satisfied. The question presented is whether the third was. Did Schansema examine the report and find it to be accurate when the matter was fresh in his memory? An examination of the record indicates that he did not. There is no indication that the declarant adopted the report at a time when he retained knowledge of the matter. Accordingly, there is no guarantee that the report accurately reflected the events which transpired. The third requisite to admissibility was not satisfied. The magistrate improperly considered such evidence at the preliminary examination.

The question becomes whether, absent such im-

properly considered evidence, there was nevertheless presented sufficient evidence to support the magistrate's bind-over decision. The answer is that there was not.

The elements of felonious assault are (1) an assault (2) with a dangerous weapon. *People v Johnson,* 42 Mich App 544, 546-547; 202 NW2d 340 (1972). In the present case, a neighbor testified that he saw two men[2] with an "object" in hand break a window in the apartment of Susan Kubasiak. Mrs. Kubasiak testified that the defendant and the codefendant entered her apartment through the broken window and ran into the living room in pursuit of Schansema. The defendant then forced her into the bedroom and attempted to engage in sexual intercourse. Mrs. Kubasiak did not see any weapon in the hand of either the defendant or his codefendant.

On these facts, we hold that sufficient evidence was not presented to show that a felonious assault had taken place. While it is arguable that an assault[3] may be inferred on these facts (something prevented Schansema from attempting to help Mrs. Kubasiak), the presence and use of a dangerous weapon may not. There is no evidence with which to identify the "object" which was used to break the window as a dangerous weapon nor is there any evidence to permit the inference that the "object" was utilized for any purpose other than to break the window. Accordingly, we hold that the magistrate abused his discretion in binding the defendant over on the charge of felonious assault.

___

[2] The defendant was charged along with John Poggi. The case against the codefendant has been settled by a plea bargain and is not at issue in this appeal.

[3] The felonious assault charge has reference only to Ronald Schansema.

The same conclusion obtains with respect to the breaking and entering with intent to commit felonious assault charge. With respect to such a charge, the prosecutor has the duty to prove that the defendant intended to commit the particular felony charged, *i.e.,* felonious assault. *People v Westerberg,* 274 Mich 647; 265 NW 489 (1936). The above analysis which concluded that insufficient evidence was presented to support the finding that a felonious assault occurred similarly supports the conclusion that insufficient evidence was presented to support the finding that a felonious assault was intended. Accordingly, we hold that the magistrate abused his discretion in binding the defendant over on the breaking and entering charge.

The circuit judge's failure to quash the information against the defendant was erroneous as to all three charges. The circuit court is reversed. The information is quashed.

R. B. BURNS, P.J., concurred.

D. C. RILEY, J. *(concurring).* I concur in my colleagues's disposition of this case. However, I write separately to urge the Legislature to modify MCL 750.520l; MSA 28.788(12).

As presently written, the statute only recognizes sexual assault between spouses if the couple is living apart *and* if one of them has filed for separate maintenance or divorce. Although I can readily accept the requirement of separate quarters to demonstrate rejection of the marriage, I cannot agree with the necessity for filing. There are many possible financial and social reasons why a spouse might separate but not seek a divorce. I do not believe that these spouses should be penalized for their choice, one which may have been selected out of necessity. A far more equitable law

would be one that would recognize sexual assault after a certain length of separation, say one month. This modification would be more just since it would have equal application to persons of all social, religious and economic backgrounds.