PASCALS v BERRIEN COUNTY PROSECUTOR

Docket No. 71118. Submitted March 9, 1984, at Grand Rapids.—
Decided November 5, 1984.

Pascals, a partnership owned by Michael and Orlando Ianelli, is a furniture store located in Berrien County. The Ianellis secured the statutorily required license to conduct a going out of business sale. The 30-day license was twice renewed for additional 30-day periods as provided by statute. After the license expired, Pascals continued to do business and conducted a sale, although it was no longer advertised as a going out of business sale. Fearing prosecution by the Berrien County Prosecutor for continuing in business after the expiration of the going out of business sale license, a complaint was filed in the name of Pascals and the Ianellis in Berrien Circuit Court, seeking a declaratory judgment that the continuation of business after the going out of business sale license had expired was not violative of the statute which regulates going out of business sales and naming the Berrien County Prosecutor as defendant. The defendant filed a counterclaim, alleging that the continuation of business at Pascals after the license expired was in violation of the statute and seeking a permanent injunction enjoining any further business at Pascals. Both plaintiffs and defendant filed motions for summary judgment. The trial court, Julian E. Hughes, J. granted defendant's motion for summary judgment and permanently enjoined further business at Pascals. Plaintiffs appeal. *Held:*

1. Since the statute regulating going out of business sales has penal provisions, it is a penal statute which must be strictly construed.

2. While the statute specifically prohibits certain types of

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] Am Jur 2d, New Topic Service, Consumer Protection §§ 205, 212.

Practices forbidden by state deceptive trade practice and consumer protection acts. 89 ALR3d 449.

[2] 73 Am Jur 2d, Statutes § 293.

[4] 73 Am Jur 2d, Statutes § 296.

[5] 73 Am Jur 2d, Statutes § 297.

activities concerning the conducting of a going out of business sale, the statute does not specifically provide that continuing the business after a going out of business sale is unlawful.

3. The fact that the statute requires that the application for a going out of business sale license contain a statement that the business will be discontinued upon termination of the sale and provides that the making of a false statement in the application for a license for a sale is perjury punishable by up to five years imprisonment does not provide a valid basis upon which to read into the statute a provision making the continuation of business after the sale license expires an unlawful act. Crimes must be defined by the Legislature and may not be inferred by the courts.

4. The trial court erred in holding that continuation of the business after the going out of business sale license expired was in and of itself violative of the act. While reversal was mandated on the narrow ground presented, the Court of Appeals expressed no opinion as to whether plaintiffs may be liable under the perjury provision of the act.

Reversed.

1. CONSUMER PROTECTION — GOING OUT OF BUSINESS SALES — STATUTES — PENAL STATUTES.

The act regulating going out of business sales is penal in nature in that certain violations of the act are punishable as criminal misdemeanors (MCL 442.211 *et seq.;* MSA 19.401[1] *et seq.).*

2. CRIMINAL LAW — STATUTES — JUDICIAL CONSTRUCTION.

Penal statutes are to be strictly construed.

3. CONSUMER PROTECTION — GOING OUT OF BUSINESS SALES — LICENSES — PERJURY.

The act regulating going out of business sales requires that the application for the required license to conduct such a sale contain a statement that the business will be discontinued upon termination of the sale and makes a false swearing of that statement criminal perjury; however, the act does not specifically prohibit the continuation of the business after the sale license has expired; accordingly, continuation of business after the expiration of a going out of business sale license is punishable only where it can be shown that a false statement was made in the application for the license for the going out of business sale (MCL 442.213[e], 442.219; MSA 19.401[3][e], 19.401[9]).

4. CRIMINAL LAW — STATUTES — JUDICIAL CONSTRUCTION.

The fact that penal statutes are to be narrowly construed does

not require rejection of that sense of the words which best harmonizes with the overall context of the statutes and the end purpose sought to be achieved by such legislation; with criminal statutes, such end purpose is the evil sought to be corrected and the objects of the law sought to be effectuated.

5. Criminal Law — Statutes — Judicial Construction.

The rule of strict construction of penal statutes confines the offense to the words of the statute and prohibits the courts from finding a penal prohibition by implication; it is the task of the Legislature to define criminal offenses; courts are not to infer, based on judicial ideas as to proper policy, the existence of crimes not defined by statute.

*Thomas Ryan,* for plaintiff.

*Thomas E. Nelson,* Assistant Prosecuting Attorney, for defendant.

Before: MacKenzie, P.J., and J. H. Gillis and J. E. Fitzgerald,* JJ.

MacKenzie, P.J. Plaintiff Pascals, a partnership owned by plaintiffs Michael and Orlando Iannelli, is a furniture store located in Berrien County. Plaintiffs received a license from the county clerk to conduct a going out of business sale, as provided in MCL 442.211 *et seq.;* MSA 19.401(1) *et seq.* The initial 30-day license was twice renewed for an additional 30 days. Pursuant to MCL 442.216; MSA 19.401(6), no further renewal was available, and 90 days after the sale began the license expired. After the license expired, Pascals continued to do business and conducted a sale, although no longer advertising it as a going out of business sale.

Fearing prosecution by defendant, the Berrien County Prosecutor, plaintiffs filed a complaint, seeking a declaratory judgment that their continuation of business at Pascals after the going out of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

business sale license expired did not violate the statute. In an affidavit filed with the complaint, plaintiff Michael Iannelli averred that when he applied for the license, he was not aware that under MCL 442.216; MSA 19.401(6) the maximum time permitted to conduct a going out of business sale was 90 days and that after the 90 days expired Pascals still had an inventory in excess of $75,000 on its premises.

Defendant filed a counterclaim, alleging that the continuation of business at Pascals after the license expired was in violation of the statute and requesting a permanent injunction enjoining any further business operations at Pascals. Both plaintiffs and defendant filed motions for summary judgment. From an order granting defendant summary judgment and permanently enjoining Pascals from engaging in business, plaintiffs appeal as of right.

Plaintiffs raise two issues on appeal: whether continuation of business after a going out of business sale license expires is prohibited by MCL 442.211 *et seq.;* MSA 19.401(1) *et seq.,* and even if so, whether defendant was entitled to injunctive relief in view of the availability of criminal penalties for violations of the statute and the absence of any statutory provision permitting injunctive relief. We need not address the second issue concerning the propriety of the injunction since we agree with plaintiffs that the continuation of business after expiration of the license is not itself prohibited by MCL 442.211 *et seq.;* MSA 19.401(1) *et seq.*

Defendant concedes that nowhere in the statute is it expressly provided that continuation of business after the expiration of a going out of business sale license is unlawful. Nevertheless, defendant argues, and the circuit court agreed, that such a provision should be implied since under § 3(e) of

the statute, MCL 442.213(e); MSA 19.401(3)(e), an application for a going out of business sale license must "contain a statement that the business will be discontinued at the premises where the sale is to be conducted upon termination of the sale". Were we to find by implication that the continuation of business after expiration of the license is prohibited by the statute, such conduct would constitute a violation of the statute and be punishable as a criminal misdemeanor under MCL 442.224; MSA 19.401(14). Hence, the rule that penal statutes are to be strictly construed, *People v Hall,* 391 Mich 175, 189; 215 NW2d 166 (1974), is applicable here.

The statute involved in the instant case contains various provisions describing prohibited conduct, *e.g.:* ordering of goods in contemplation of selling them at a sale such as a going out of business sale, MCL 442.221; MSA 19.401(11); adding to inventory during the sale and selling goods other than those inventoried in the original application for a license, MCL 442.222; MSA 19.401(12); and advertisement of the sale prior to compliance with the act, MCL 442.223; MSA 19.401(13). Yet nowhere in the act is it stated that continuation of business operations after the expiration of a going out of business sale license is unlawful.

It is true that § 3 of the act, pertaining to the contents of an application for a license, requires that an application for a going out of business sale license contain a statement that the business will be discontinued upon termination of the sale. MCL 442.213(e); MSA 19.401(3)(e). Section 9 provides teeth to § 3 by stating that a person who makes a false statement in the application for a license is guilty of perjury and may be punished by up to five years of imprisonment. However, these provisions are not tantamount to a provision prohibit-

ing continuation of business after the license expires. It appears that the Legislature chose not to punish continuation of business operations upon expiration of the license in and of itself, but rather chose to punish one for falsely stating in the application that the business would be discontinued. Thus, for example, if a license were erroneously issued based on an application which did not contain a statement that the business will be discontinued upon termination of the sale, continuation of the business after expiration of the license would not give rise to liability for perjury under § 9 nor violate any other provision of the act. In any event, a provision making continuation of business after the expiration of a going out of business sale license a violation in itself is conspicuously absent, and instead the statutory language used reflects an intention that failure to cease business operations be punishable only where it can be shown that a false statement was made in the application for the license.

While acknowledging the well-established rule that penal statutes be strictly construed, defendant emphasizes that this rule

"does not require rejection of that sense of the words which best harmonizes with the overall context of the statutes and the end purpose sought to be achieved by such legislation. With criminal statutes, such end purpose is the evil sought to be corrected and the objects of the law sought to be effectuated." *People v Hall, supra,* p 190.

However, in the present case we are not called upon to interpret the scope of ambiguous language in a penal statute. Rather, we are asked to read into the statute a provision prohibiting continuation of a business after a going out of business sale

license expires. This we cannot do. While the words of a penal statute are to be construed in harmony with the purpose and intent of the statute, still the "rule of strict construction confines an offense to the words of the statute". *Hightower v Detroit Edison Co,* 262 Mich 1, 7; 247 NW 97 (1933). It is the task of the Legislature to define criminal offenses, and courts are not to infer, based on judicial ideas as to policy, the existence of crimes not defined by statute. *People v Kubasiak,* 98 Mich App 529, 534; 296 NW2d 298 (1980), *lv den* 409 Mich 948 (1980). Here, there is no statutory provision making continuation of business after expiration of a going out of business sale license in and of itself a violation of the act, and we may not infer such a provision where the Legislature has failed to define such conduct as an offense.

The circuit court erred in finding plaintiffs' continuation of business after expiration of the going out of business sale license in itself violative of the act. We express no opinion as to whether plaintiffs may be liable for perjury under § 9 of the act.

Reversed. Costs to plaintiffs.