PEOPLE v KENAN

Docket No. 73697. Submitted October 11, 1984, at Detroit.—Decided May 15, 1985.

Alfred C. Kenan was charged with possession of controlled substances. He was bound over to circuit court following preliminary examinations on each of two charges. At a pretrial conference defense counsel submitted a letter from a physician stating that the defendant was being treated with the drugs which were the basis for the charges. The Wayne Circuit Court, John H. Gillis, Jr., J., dismissed the charges. The prosecution made a motion for reconsideration and requested an evidentiary hearing to establish the validity of the prescriptions. The motion was denied, and the prosecution appealed. *Held:*

1. The decision of a magistrate to bind a defendant over to circuit court should not be disturbed absent a showing of a clear abuse of discretion. No such showing was made in this case.

2. The letter from the physician was hearsay. It did not qualify as a business record exception to the hearsay rule.

3. The trial court should consider only legally admissible evidence when entertaining a motion to dismiss. The proper procedure would have been to hold an evidentiary hearing to determine the validity of the prescriptions. In the alternative, the motion to dismiss should have been denied.

Reversed. The charges are reinstated and the case remanded.

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Aᴘᴘᴇᴀʟ — Mᴀɢɪsᴛʀᴀᴛᴇs — Pʀᴏʙᴀʙʟᴇ Cᴀᴜsᴇ.

A reviewing court should not disturb a magistrate's finding of probable cause to bind a defendant over for trial absent a showing of a clear abuse of discretion.

2. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Eᴠɪᴅᴇɴᴄᴇ — Mᴏᴛɪᴏɴ ᴛᴏ Dɪsᴍɪss.

Only evidence which is legally admissible should be considered by

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs
[1] Am Jur 2d, Criminal Law § 408 *et seq.*
  Effect of grand jury indictment on issue of probable cause. 28 ALR3d 748.
[2] Am Jur 2d, Criminal Law § 512 *et seq.*
  Individual's right to present complaint or evidence of criminal offense to grand jury. 24 ALR4th 316.

a court when entertaining a motion to dismiss charges against a criminal defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *A. George Best II,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: Hood, P.J., and Beasley and P. J. Marutiak,* JJ.

Per Curiam. The people appeal as of right from the trial court's dismissal of two charges against defendant of knowingly or intentionally possessing a controlled substance (pentazocine and methamphetamine), MCL 333.7403(2)(b); MSA 14.15(7403)(2)(b). We reverse and reinstate the charges.

Police officers arrested defendant on May 14, 1982, for possession of 200 tablets of pentazocine (Talwin) and 101 tablets of methamphetamine (Desoxyn), and on April 21, 1983, for possession of 295 Talwin tablets and 120 Desoxyn tablets. A district court magistrate bound defendant over as charged after preliminary examinations held on April 29, 1983, and May 4, 1983. The evidence at those examinations showed that defendant possessed the drugs in unmarked vials. No evidence was presented to show that defendant possessed those drugs under a doctor's prescription.

At a pretrial conference on July 8, 1983, defense counsel moved to dismiss the charges arguing that defendant had valid prescriptions for the drugs he possessed when arrested. Counsel supported his

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

argument with his own testimony that he had spoken with defendant's treating physician, Dr. Brenda Ubom, and submitted a letter signed by Dr. Ubom. In that letter, written at defendant's request, Dr. Ubom said that defendant had several chronic illnesses and that he was being treated with Talwin and Desoxyn, among other drugs. After reviewing the letter, the trial court dismissed the charges. The prosecutor objected, arguing that the validity of the prescriptions for defendant's drugs was a question of fact for the trier of fact.

The prosecutor moved for reconsideration and requested an evidentiary hearing to establish the validity of the defendant's prescriptions. Defense counsel argued that Dr. Ubom's letter was not hearsay as it came within the business exception to the hearsay rule. MRE 803(6). The trial court denied the motion for reconsideration.

We agree with the people's argument in this appeal that the procedure used following defendant's motion to dismiss was improper. Defendant had two preliminary examinations at which the magistrate found probable cause to bind defendant over for trial. A reviewing court should not disturb that determination absent a demonstration of a clear abuse of discretion. *People v Doss,* 406 Mich 90, 101; 276 NW2d 9 (1979). In this case, defendant did not argue that the magistrate had abused her discretion by finding probable cause and the trial court did not so find. Indeed, the trial court could not have properly so found since there was no showing of such an abuse.

Instead, what effectively occurred in this case, on the basis of an oral motion to dismiss for which notice had not been filed, was a bench trial at which defense counsel testified as to hearsay evi-

dence and presented written hearsay evidence.[1] Because of the nature of this evidence, the prosecutor did not have any opportunity to cross-examine.

If a magistrate must only consider evidence which is legally admissible before making a finding of probable cause, *People v Kubasiak,* 98 Mich App 529, 536; 296 NW2d 298 (1980), *lv den* 409 Mich 948 (1980), it makes no sense to allow a lesser evidentiary standard on a motion to dismiss. As the people argue, the proper procedure in this case would have been for the trial court to hold a formal evidentiary hearing at which Dr. Ubom could be present and at which defendant could present actual copies of his prescriptions to determine the validity of defendant's proposed evidence of valid prescriptions for the number of tablets he possessed. In the alternative, the trial court should have denied defendant's motion and encouraged defendant to present Dr. Ubom as a defense witness at trial.

Therefore, we reverse the dismissal of these charges, order the charges reinstated, and remand for proceedings consistent with this opinion.

---

[1] Despite defendant's argument to the contrary, Dr. Ubom's letter does not qualify as a business record exception to the hearsay rule. MRE 803(6). The letter was obviously not kept in the regular course of conducted business since it was written by Dr. Ubom at defendant's request.