# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellant,

v

LIDIA ELENA TALABA, also known as LIDIA
ELENA TALBA,

          Defendant-Appellee.

UNPUBLISHED
July 19, 2018

No. 339688
Wayne Circuit Court
LC No. 17-002654-01-FH

Before: BORRELLO, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

The prosecution appeals by right the circuit court's order granting defendant's motion to dismiss the charges of conspiracy to commit a legal act in an illegal manner, MCL 750.157a,[1] and fraudulent access to a computer (less than $200), MCL 752.794. We affirm in part, reverse in part, and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Police were called to a Secretary of State (SOS) office in Brownstown, Michigan after receiving a report that a man had changed his clothes in the parking lot and appeared to have secreted on his person a device from which wires protruded. Defendant was found inside her parked vehicle, which contained audio and video transmitting equipment; the subject of the report, Artan Sherifi, was found inside the SOS office with a camera under his shirt and a wireless earpiece. Sherifi (whose primary language is Albanian) told police that he had paid defendant to help him cheat on an examination that was required by the SOS to obtain a

---

[1] MCL 750.157a applies both to conspiracies "to commit an offense prohibited by law" and to conspiracies "to commit a legal act in an illegal manner." Although the information does not list the specific subsection of MCL 750.157a under which defendant was charged, the information describes the charge as "LEGAL ACT/ILLEGAL MANNER" and asserts that offense is a felony punishable by up to 5 years imprisonment and a fine of not more than $10,000, which comports with the proscribed conduct and punishment listed in MCL 750.157a(d) (which applies to "[a]ny person convicted of conspiring to commit a legal act in an illegal manner").

-1-

commercial driver's license (CDL). Defendant was charged with (1) conspiracy to commit a legal act in an illegal manner and (2) fraudulent access to a computer. Defendant waived her right to a preliminary examination, and was bound over to the circuit court. Defendant filed a motion with the circuit court to dismiss the charges, asserting that she had not done anything illegal and that no computer was involved. The trial court agreed, granted defendant's motion, and entered an order dismissing the case without prejudice, holding that the prosecution's theory for the conspiracy charge was legally insufficient, and holding with respect to the fraudulent access charge that a computer was not involved in defendant and Sherifi's scheme. This appeal followed. On appeal, the prosecution solely argues that the trial court abused its discretion when it granted defendant's motion to dismiss without holding an evidentiary hearing.

## II. STANDARD OF REVIEW

The prosecution did not request an evidentiary hearing before the trial court, and did not object to the trial court rendering a decision on defendant's motion to dismiss without holding an evidentiary hearing. The issue is therefore unpreserved; we review unpreserved issues for plain error. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. The last requirement mandates a showing of prejudice, meaning that the error must have affected the outcome of the proceedings. *Id*.

## III. ANALYSIS

The prosecution does not specifically challenge the trial court's dismissal of the charges against defendant, but argues instead that the trial court should not have dismissed the charges without first holding an evidentiary hearing. The prosecution points out that, as a result of the procedure employed by the trial court, its ruling was made in the absence of any evidentiary record and was instead based only on hearsay statements offered by the parties. We disagree with the prosecution's challenge with respect to the trial court's dismissal of the conspiracy charge, but agree with respect to the dismissal of the fraudulent access to a computer charge.

The trial court may dismiss criminal charges over an objection by the prosecution only if it is permitted by statute, or where the evidence is insufficient to support the charges. *People v Williamson*, 138 Mich App 397, 399; 360 NW2d 199 (1984). In considering a motion to dismiss, the trial court must decide whether the evidence introduced at the time the motion was made, viewed in the light most favorable to the prosecution, is sufficient for a reasonable person to conclude that all of the elements of the charged crimes were established beyond a reasonable doubt. *People v Wright*, 99 Mich App 801, 818; 298 NW2d 857 (1980).

Relying on *People v Kenan*, 144 Mich App 201; 375 NW2d 389 (1985), the prosecution argues that the trial court abused its discretion when it granted defendant's motion to dismiss without holding an evidentiary hearing. In *Kenan*, the prosecution appealed the trial court's order dismissing two drug charges against the defendant. *Id*. at 202. The defendant was bound over as charged after two preliminary examinations were held. *Id*. At a pretrial conference, the defendant moved to dismiss the charges because he had valid prescriptions for the drugs he possessed. *Id*. Defense counsel indicated that he had spoken to the defendant's physician, and

-2-

that he had a letter from the physician stating that the defendant had chronic illnesses and had a prescription for the drugs. *Id*. at 203. After reviewing the letter, the trial court dismissed the charges. *Id*. The prosecution objected, arguing that the validity of the prescriptions was a question for the trier of fact, moved for reconsideration, and requested an evidentiary hearing. *Id*. The trial court denied the motion for reconsideration, and the prosecution appealed. *Id*.

On appeal, this Court agreed with the prosecution that the trial court had used an improper procedure. *Id*. We noted that two preliminary examinations had been held, after which the magistrate had found probable cause to bind the defendant over for trial. *Id*. The defendant did not argue that the magistrate had abused her discretion in finding probable cause, and the trial court made no such finding. *Id*. Rather, the trial court effectively held an unnoticed bench trial at which defense counsel "testified" to hearsay "evidence," and presented written hearsay "evidence" in the form of the physician's letter. *Id*. at 203-204. The prosecution had no opportunity to cross-examine any witnesses. *Id*. at 204. This Court determined that "[i]f a magistrate must only consider evidence which is legally admissible before making a finding of probable cause, . . . it makes no sense to allow a lesser evidentiary standard on a motion to dismiss." *Id*. The "proper procedure" would have been for the trial court to hold an evidentiary hearing at which the physician could testify and copies of the defendant's prescriptions could be admitted. *Id*. Or, the trial court could have denied defendant's motion to dismiss, and the physician could have testified at trial. *Id*. This Court reversed the trial court's dismissal of the charges in *Kenan*, ordered the reinstatement of the charges, and remanded the case to the trial court. *Id*.

The facts of *Kenan* differ in some respects from the facts at hand; most notably, the prosecution in *Kenan* objected to the use of hearsay evidence before the trial court and requested an evidentiary hearing. *Id*. at 203. Preliminary examinations also had been held. *Id*. However, *Kenan* does state that a trial court should only consider legally admissible evidence before ruling on a motion to dismiss. *Id*.

We conclude that the trial court did not plainly err by dismissing the conspiracy charge against defendant. The information and the prosecution's filings in the trial court indicate that the conspiracy charge was premised on defendant and Sherifi's conspiracy to cheat on the CDL examination, with the goal of circumventing certain federal regulations concerning the issuance of a CDL, most notably the requirement that a licensee must understand the English language.[2] The prosecution's theory was not that defendant and Sherifi conspired to commit "an offense prohibited by law."[3] See MCL 750.157a. Rather, the prosecution repeatedly characterized the

---

[2] See 49 CFR 391.11; MCL 257.303(e).

[3] We note that, had the basis for the conspiracy charge been that defendant and Sherifi had conspired to commit the offense of fraudulent use of a computer (less than $200), MCL 752.794, then it could not have sought (as it did in this case) a felony conspiracy conviction punishable by up to five years imprisonment or a fine of not more than $10,000, because the fraudulent use of a computer offense was punishable by imprisonment for not more than 93 days or a fine of not more than $600, MCL 752.797(1)(a), and MCL 750.157a(c) provides that "[i]f commission of

alleged conspiracy as a conspiracy to "commit a legal act in an illegal manner," MCL 750.157a(d), stating more than once its belief that the violation of MCL 750.157a was completed when defendant and Sherifi agreed to the scheme to cheat on the examination and that the alleged "illegal manner" was the contravention of federal regulations concerning a commercial driver's license holder's English proficiency. Indeed, in response to defendant's motion to dismiss, the prosecution explicitly stated that "[t]he unlawful [manner][4] was the circumvention of 49 CFR 391.11 and MCL 257.303(e)." That circumvention was accomplished by the effort to cheat on the licensing test.[5]

---

the offense prohibited by law is punishable by imprisonment for less than 1 year, except [for situations involving illegal gambling or wagering], the person convicted under this section shall be imprisoned for not more than 1 year nor fined more than $1,000.00, or both such fine and imprisonment." See *People v Seewald*, 499 Mich 111, 118; 879 NW2d 237 (2016) (noting that the penalties for conspiring to commit an illegal act "roughly track" the penalties for the offense itself, while a conspiracy to commit a legal act in an illegal manner is a five-year felony "regardless of whether the 'illegal manner' would constitute a felony or misdemeanor if charged as a substantive offense.")

[4] Specifically, the prosecution stated, "[D]efendant is charged with Conspiracy to commit a lawful act in an unlawful manner. . . . The lawful act ultimately to be accomplished was the receipt of a Commercial Driver's License. The unlawful act was the circumvention of 49 CFR 391.11 and MCL 257.303(e)." In context, it is clear that the prosecution meant "unlawful manner" rather than "unlawful act."

[5] It is important to note that, prior to oral argument, the prosecution at no time contended to the trial court or this Court that the "illegal manner" was the alleged fraudulent access to a computer, MCL 752.794, that was the subject of Count II of the information. Indeed, defendant anticipated that the prosecution might take such a position, arguing in her motion to dismiss that "If the State relies on Count 2 as the basis for the illegal manner, then this argument fails . . . as no computer was ever used prior to or during the alleged crime." In response, the prosecution stated in full, "The Second argument that count two fails as a basis for illegal manner as no computer was used is in part valid. The information contains the wrong charging language. The correct charge should be Attempt to Access a Computer system with the Intent to Defraud. Contrary to MCL 752.794; 752.979(1) and 750.92. The People would so move to amend Count 2." However, whether the correct charge was that of an attempt or a completed act is wholly irrelevant to whether the alleged violation of (or attempt to violate) MCL 752.794 constituted the "illegal manner" proscribed by MCL 750.157a. At no time did the prosecution posit that it did. To the contrary, the prosecution argued that "[u]nlawful does not necessarily equate to criminal" and that "[t]he unlawful act was the circumvention of 49 CFR 391.11 and MCL 257.303(e)," which require "that an applicant must be able to read and speak the English Language sufficiently to converse with the general public, to understand highway traffic signs and signals in the English language, to respond to official inquiries, and to make entries on reports and records." The prosecution's position is perhaps explained by the fact that any charging of an alleged violation of (or attempt to violate) MCL 752.794 (less than $200) as the "illegal manner" proscribed by

The trial court determined that the prosecution's theory of the case could not have legally supported a conviction for such a conspiracy because "cheating on an examination by receiving help from another is not 'illegal,' only immoral," and because the act of cheating on the licensing test (or of assisting Sherifi in cheating) was not, in itself, a violation of the federal regulations (or state law) relating to the necessary qualifications for commercial drivers. The trial court noted that, in describing the qualifications of a commercial motor vehicle driver (one of which is the holding of a valid commercial motor vehicle operator's license issued by a State, which in Michigan may be accomplished under MCL 257.303 by successfully completing a licensing test), 49 CFR 391.11 "describes a status or a state of being, not an 'act'." Consequently, the act of cheating (or assisting Sherifi in cheating) was not illegal even though it could have assisted Sherifi in obtaining a CDL for which he may not have been qualified, and even though it could have facilitated consequences with respect to Sherifi's licensure and potential future violation of MCL 480.12d ("A person shall not operate a commercial motor vehicle unless he or she is qualified to operate that vehicle."). See also MCL 480.17(1) ("any person . . . who violates this act . . . is responsible for a state civil infraction and may be ordered to pay a fine of not more than $250.00 for each violation").

In making its determination, the trial court did not resolve any disputed factual questions or rely on legally inadmissible evidence; rather, it determined that, even if proven, the prosecution's allegations would not support the charge. Therefore, no rational juror could conclude that the elements of conspiracy were met. *Wright*, 99 Mich App 818. The prosecution does not explain how an evidentiary hearing would have altered this determination, and does not provide a challenge to the trial court's legal analysis. We therefore affirm the trial court's dismissal of the conspiracy charge as not plainly erroneous. See *Carines*, 460 Mich at 763.

However, we agree with the prosecution that the trial court committed plain error when it dismissed the fraudulent access to a computer charge. The trial court, in dismissing that charge, determined that none of the equipment used by defendant qualified as a "computer" under MCL 752.792. That determination was a factual one, and was not based on admissible evidence; in fact, in making its determination the trial court expressly adopted defense counsel's characterization of the device as a "high tech version of two cans and a string." The trial court also noted that MCL 752.94 provides that "a person shall not intentionally access or cause access to be made to a computer program, computer, computer system, or computer network" for certain proscribed purposes, and that MCL 752.792 defines each of those terms. However, the

MCL 750.157a would have converted a 93-day misdemeanor, see MCL 752.797(1)(a), into a 5-year felony, see MCL 750.157a. See also *Seewald*, 499 Mich at 118. Nonetheless, at oral argument, the prosecution abruptly shifted gears and argued that the "illegal manner" underlying the conspiracy charge was the fraudulent use of a computer charge. The prosecution failed to raise that issue on appeal, however, and we decline to consider this eleventh-hour alteration to the prosecution's argument. See MCR 7.212(C)(5); see also *People v Anderson*, 284 Mich App 11, 16; 772 NW2d 792 (2009) and *People v King*, 297 Mich App 465, 474; 824 NW2d 258 (2012).

trial court engaged in no analysis of the statutory definitions, or of how the "evidence" comported with (or failed to comport with) those definitions.

As we noted in *Kenan*, 114 Mich App at 204, the proper procedure would have been for the trial court to hold an evidentiary hearing, or alternatively to allow the charge to proceed to a trial at which the parties could present evidence. Therefore, the trial court erred when it granted defendant's motion to dismiss the fraudulent access to a computer charge.[6] This was a plain error that affected the outcome of the proceedings. See *Carines*, 460 Mich at 763. Accordingly, we reverse the portion of the trial court's order dismissing the fraudulent access to a computer charge and reinstate that charge.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Mark T. Boonstra

---

[6]As noted, the prosecution expressed its desire to amend the information to reflect a charge of *attempted* fraudulent access to a computer. Because the trial court dismissed the case, it does not appear that the information was ever amended. We therefore reinstate Count II of the information as filed; the prosecution may seek to amend the information before the trial court in the usual manner if it still desires to do so.